Michael J. Saltz, Esq. (SBN 189751)
msaltz@jrsfllp.com
Colby A. Petersen, Esq. (SBN 274387)
cpetersen@jrsfllp.com
Jacobson, Russell, Saltz & Fingerman, LLP
10866 Wilshire Blvd., Suite 1550
Los Angeles, California 90024
Telephone: (310) 446-9900
Facsimile: (310) 446-9909

FILED
CLERK U.S. DISTRICT COURT

JUL - 5 2012

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL FELIX MORAN, | ) CASE NO. CV12-05808 SVW (AGRx) |
| Plaintiff, | ) |
| vs. | ) **NOTICE OF REMOVAL OF ACTION** |
| | ) **UNDER 28 U.S.C. § 1331 (FEDERAL** |
| THE SCREENING PROS, LLC, a | ) **QUESTION); DEMAND FOR JURY** |
| California Corporation; DOES 1-10, | ) **TRIAL** |
| inclusive, | ) |
| Defendants. | ) |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE THAT Defendant THE SCREENING PROS, LLC ("Defendant"), hereby removes to this Court the state court action described below.

1. On February 2, 2012, an action was commenced in the Superior Court of the State of California, City and County of Los Angeles, entitled GABRIEL FELIX MORAN, Plaintiff, vs. THE SCREENING PROS, LLC, Defendant as Case Number BC478220. A copy of the Summons is attached hereto as Exhibit "1".

COPY

2.     The first date upon which Defendant received a copy of said Complaint was on or about February 14, 2012, after Defendant was served by personal service with a copy of said Complaint and a Summons from said state court. A copy of the Complaint is attached hereto as Exhibit "2". A copy of the Proof of Service of the Complaint on Defendant is attached hereto as Exhibit "3".

3.     On March 15, 2012, Defendant responded to the Complaint with a Demurrer to each cause of action. A copy of the Demurrer is attached hereto as Exhibit "4".

4.     On June 7, 2012, Plaintiff Moran ("Plaintiff") filed with the state court a First Amended Complaint before the hearing on Defendant's Demurrer. In his First Amended Complaint, Plaintiff included, for the first time, three causes of action under the following Federal Statutes: USC §§ 1681(c), (e) and (i)(a). A copy of the Plaintiff's First Amended Complaint is attached hereto as Exhibit "5".

5.     According to the Proof of Service attached to the First Amended Complaint, Defendant was served by mail with said First Amended Complaint on June 6, 2012. A response would therefore be due within thirty-five (35) days from the date of service.

6.     This is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a) in that it is a civil action where causes of action are claimed under Federal statutes.

7.     When this action was originally filed, the grounds for removal based on Federal question jurisdiction were not clear because the Complaint did not allege any Federal causes of action. Federal question jurisdiction is now clear as on June 6, 2012, Defendant's counsel was served by Plaintiff's counsel a First Amended Complaint that included three new causes of action under 15 USC §§ 1681(c), (e) and (i)(a).

8.     Removal to this district court is proper under 28 USC § 1441(a) because the Los Angeles Superior Court is geographically located within this Court's district.

9.    Defendant The Screening Pros, LLC hereby demands trial by jury in this action.

**Jacobson, Russell, Saltz & Fingerman, LLP**

July 5, 2012            By: _____

                          Michael J. Saltz, Esq.

                          Attorneys for Defendant, The Screening Pros, LLC

**EXHIBIT "1"**

**SUM-100**

# SUMMONS
## *(CITATION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>THE SCREENING PROS, LLC., a California corporation; and DOES 1-10 inclusive,<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>GABRIEL FELIX MORAN | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>FEB 0 2 2012<br><br>John A. Clarke, Executive Officer/ Clerk<br>By ____M. Soto____ , Deputy<br>MOSES SOTO |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  Central - Stanley Mosk<br><br>Los Angeles County Superior Court - Central District (Stanley Mosk);<br>111 N. Hill St., Los Angeles, CA 90012 | **CASE NUMBER:**<br>*(Número del Caso):*<br><br>BC478220 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Devin H. Fok (256599); Joshua E. Kim (257260); P.O. Box 875288, Los Angeles, CA 90087

| DATE:<br>*(Fecha)* FEB 0 2 2012 | John A. Clarke Clerk, by<br>*(Secretaria)* ____M. Soto____ MOSES SOTO , Deputy<br>*(Adjunto)* |
|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:

3. [✓] on behalf of *(specify)*:

   under: [✓] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
        [ ] CCP 416.20 (defunct corporation)      [ ] CCP 416.70 (conservatee)
        [ ] CCP 416.40 (association or partnership)      [ ] CCP 416.90 (authorized person)
        [ ] other *(specify)*:
4. [ ] by personal delivery on *(date)*:

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

EXHIBIT "2"

A6060

THE LAW OFFICES OF DEVIN H. FOK
Devin H. Fok, Esq. (SBN #256599)
P.O. Box 7165
Alhambra, CA 91802-7165
Ph: (310) 430-9933
Fax: (323) 563-3445
devin@devinfoklaw.com

A NEW WAY OF LIFE REENTRY PROJECT
Joshua E. Kim, Esq. (SBN #257260)
P.O. Box 875288
Los Angeles, California 90087
Ph: (323) 563-3575
Fax: (323) 563-3445
joshua@anewwayoflife.org

Attorneys for Plaintiff
GABRIEL FELIX MORAN

FILED
Superior Court of California
County of Los Angeles

FEB 0 2 2012

John A. Clarke, Executive Officer/ Clerk
By ___M. Soto___, Deputy
MOSES SOTO

D-53  STEVEN J. KLEIFIELD

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF LOS ANGELES

CASE NO.  BC478220

GABRIEL FELIX MORAN,

        Plaintiff,

    vs.

THE SCREENING PROS, LLC, a California corporation; and DOES 1-10 inclusive,

        Defendants.

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**

1. Civ. Code §1786.18(a)(7)
2. Civ. Code §1786.20
3. Unlawful Business Practices Pursuant to Bus. & Prof. Code §17200 *et seq.*
4. Unfair Business Practice Pursuant to Bus. & Prof. Code §17200 *et seq.*

**JURY TRIAL DEMANDED**

CIT/CASE: BC478220 LEA/DEF#:
RECEIPT #: CCH524880028
DATE PAID: 02/02/12 01:51:40 PM
PAYMENT: $395.00
RECEIVED:
    CHECK:
    CASH: 400.00
    CHANGE: 5.00
    CARD:
0310 --

COMPLAINT FOR DAMAGES - 1

Plaintiff GABRIEL FELIX MORAN (hereafter as "Plaintiff") complains against Defendants THE SCREENING PROS, LLC. (hereafter as Defendant "TSP"); and DOES 1-10 inclusive, and alleges as follows:

## NATURE OF THE ACTION

1. Defendant TSP is in the business of issuing background screening reports on California consumers. It is an entity regulated under the California Investigative Consumer Reporting Agencies Act (hereafter as "ICRAA" §1786 *et seq*).

2. Defendant TSP fails to abide by the restrictions and requirements set forth therein and routinely provides screening reports that contain prohibited information, including dismissed charges that never resulted in conviction.

3. Defendant TSP's violations, on information and belief, occur because Defendant TSP has failed to implement reasonable procedures to avoid the release of prohibited information, and/or because Defendant has failed to implement reasonable procedures to assure maximum possible accuracy of the information contained in its reports.

4. As a result of Defendant TSP's wrongful acts and omissions, Plaintiff has been injured, including, without limitation, by virtue of having lost housing opportunities and by having been forced to spend time, money, and energy to clean up after Defendant's errors.

5. Plaintiff seeks actual and/or compensatory damages, punitive damages, and equitable relief, including costs and expenses of litigation, including attorney's fees, and appropriate injunctive relief requiring Defendant to comply with its legal obligations, as well as additional and further relief as may be appropriate. Plaintiffs reserve the right to amend this Complaint to add additional relief as permitted under applicable law.

## THE PARTIES

6. Plaintiff GABRIEL FELIX MORAN is, and at all times relevant herein was, a resident of Alameda County, California.

7. Defendant THE SCREENING PROS, LLC., is and at all times herein mentioned was, a California corporation with a principal place of business in Los Angeles County, California.

8. Plaintiff is ignorant of the Defendants sued herein as DOES 1-10, inclusive, and therefore sue those Defendants by such capacities when such information is ascertained.

9. Plaintiff is informed and believes and thereon alleges that each of the Doe Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were proximately caused by such occurrences.

10. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Defendants DOES 1-10, were agents of each other and of the named Defendant and in doing the things alleged in this complaint, were acting in the scope of such agency and with the permission and consent of Defendants.

## VENUE

11. Venue and jurisdiction are proper in this court pursuant to California code of Civil Procedure Sections 395 and 395.5. Defendant's principal place of business in Los Angeles County, California.

## GENERAL ALLEGATIONS

12. The California Investigative Consumer Reporting Agency Act ("ICRAA") governs investigative consumer reporting agencies that compile, sell, and furnish investigative consumer reports. *See* Cal. Civ. §1786 *et seq.*

13. ICRAA was enacted in 1975 for the purpose of ensuring "fairness, impartiality, and a respect for the consumer's right to privacy." Cal. Civ. Code §1786(b).

14. An investigative consumer report may only be made to a third intending to use the report for a permissible purpose as prescribed under Cal. Civ. §1786.12; §1786.16(a)(2)(A). A permissible purpose includes eligibility for the hiring of a dwelling house.

15. Under ICRAA, such users of investigative consumer reports are liable to the same extent as investigative consumer reporting agencies for any violations of the Act. Cal. Civ. §§1786.50, 1786.52.

16. Cal. Civ. C. §1786.18(a)(7) prohibits the disclosures of records of arrests, indictment, information, or misdemeanor complaint where a conviction did not result.

17. Because criminal records information that did not result in a conviction can severely prejudice the consumer's ability to seek housing, ICRAA prohibits the information from being

reported in investigative consumer reports furnished to third party users by investigative consumer reporting agencies. *See* Cal. Civ. Code §§1786.18(a).

18. In addition, ICRAA imposes a duty on the reporting agency to verify the accuracy of certain information that is a matter of public record, including criminal records of arrest, conviction and parole, to implement reasonable procedures to avoid reporting prohibited information, and to assure maximum possible accuracy of information that is reported. Cal. Civ. Code. §§1786.18(c), §1786.20(a),(b).

19. An agency that fails to comply with any requirement of ICRAA is liable for the greater of actual damages sustained by the consumer or $10,000 as well as reasonable attorney's fees and costs of the action of a prevailing plaintiff and punitive damages for grossly negligent or willful violations. Civ. Code §1786.50(a),(b).

## DEFENDANT THE SCREENING PRO, LLC.

20. Defendant TSP is an investigative consumer reporting agency. It is in the business, for money or dues, of gathering, compiling, and selling to third parties screening reports containing information regarding individual consumers who are looking for, among other things, housing opportunities.

21. Defendant TSP sells its investigate consumer reports to, among others, prospective landlords. Defendant's reports contain background information on consumer regarding their general reputation, character, mode of living or other personal characteristics. Among other things, Defendant's reports typically include information regarding criminal histories.

## PLAINTIFF GABRIEL FELIX MORAN

22. Plaintiff hereby incorporates by reference the allegation of paragraphs 1-26, inclusive.

23. On or about February 5, 2010, Plaintiff applied for housing with the subject housing development project named MAPLE SQUARE owned and operated by AFFIRMED HOUSING GROUP (hereafter collectively as "MAPLE SQUARE").

24. Plaintiff is informed and believes that MAPLE SQUARE, as part of the application assessment process, requested that Defendant TSP furnish an investigative consumer report as defined in Civ. Code §1786.2(c) on Plaintiff.

25. On or about February 5, 2010,   Defendant furnished an investigative consumer report on Plaintiff to MAPLE SQUARE (hereafter as "subject ICR" or "the subject report"). The subject report is attached as Exhibit "1" to this Complaint.

26. Defendant's report contains information on Case No. 188935 where it disclosed records of arrests, indictment, information, or misdemeanor complaint where a conviction did not result.

27. Specifically, Defendant's report disclosed that Plaintiff was charged with "CT1: Under the influence of a controlled substance" but never resulted in a conviction.

28. Defendant's report also contains information on Case No. 217842 where it discloses the following charges that did not result in a conviction: "CT1: Burglary 2nd Degree" and "CT2: Forgery"

29. Due to the prohibited information disclosed in the subject report, MAPLE SQUARE denied Plaintiff's rental application, and Plaintiff is entitled to damages pursuant to Cal. Civ. Code § 1786.50(a), (b).

## FIRST CAUSE OF ACTION
## (Violation of California Civil Code §1786.18(a)(7))

30. Plaintiff hereby incorporates by reference the allegations of paragraph 1-29, inclusive.

31. Defendant is, and at all times herein mentioned was, an investigative consumer reporting agency engaged in the practice of assembling and evaluating information on consumers for the purpose of furnishing investigative consumer reports to third parties for monetary fees.

32. Upon information and believe, Defendant furnished to a third party investigative consumer reports pertaining to Plaintiff.

33. Defendant's report about Plaintiff contained records of arrest, information, misdemeanor or complaint, that did not result in a conviction.

34. At the time the report was made, Defendant was aware of ICRAA's prohibition against disclosure of the prohibited information and also aware that its report to MAPLE SQUARE included such prohibited information.  Statutory references to the subject prohibition were made on its own website informing its customers that certain criminal records may not be reportable. Defendant disregarded its own obligations and reported the prohibited information on Plaintiff's investigative consumer report to MAPLE SQUARE.

35. Plaintiff was harmed and suffered actual damages as a direct legal, proximate, and foreseeable result of Defendant's violations.

36. Defendant's violations were willful and/or grossly negligent because Defendant was aware of its obligations under ICRAA but nonetheless consciously elected to disregard its obligations.

## SECOND CAUSE OF ACTION
### (Violation of California Civil Code §1786.20)

37. Plaintiff hereby incorporates by reference the allegations of paragraphs 1-29, inclusive.

38. Defendant is, and at all times herein mentioned was, an investigative consumer reporting agency engaged in the practice of assembling and evaluating information on consumers for the purpose of furnishing investigative consumer reports to third parties for monetary fees.

39. Upon information and belief, Defendant also has not, and currently does not maintain reasonable procedures designed to avoid violations of Section 1786.18 and/or does not follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

40. Defendant's violations were willful and/or grossly negligent because Defendant was aware of its obligations under ICRAA but nonetheless consciously elected to disregard its obligations.

## THIRD CAUSE OF ACTION
### (Violation of California B&P §17200 *et seq.*)

41. Plaintiffs hereby incorporates by reference the allegations of paragraphs 1 - 29, inclusive.

42. Defendant is, and all times herein mentioned was, an investigative consumer reporting agency engaged in the business and practice of assembling and evaluating information on consumers for the purpose of furnishing investigative consumer reports to third parties for monetary fees.

43. California Business and Professions Code §17200 *et seq.* prohibits acts of unfair competition, which mean and include any "unlawful...business act or practice."

44. As more fully described above, the acts and practices alleged herein are unlawful as they violate numerous statutory provisions, including California Civil Codes §1786.18(a)(7), and §1786.20.

45. The acts and practices engaged in by Defendant and alleged herein harmed Plaintiffs and, on information and belief, have harmed other California consumers. On information and belief, Defendant's conduct is ongoing and continues to this date.

46. Plaintiffs allege that Defendant's misconduct, as alleged herein, gave, and continues to give Defendant an unfair competitive advantage.

47. As a direct and proximate result of Defendant's aforementioned acts, Defendant has prospered and benefitted from the sales of its non-compliant screening reports, and has been unjustly enriched by providing non-compliant reports on Plaintiffs and on other consumers and should be required to disgorge its illicit profits and/or be enjoined from continuing such practices under California Business & Professions Code §17200 and related sections.

## FOURTH CAUSE OF ACTION

### (Violation of California B&P Code §17200 *et seq*.)

48. Plaintiffs hereby incorporates by reference the allegations of paragraphs 1 - 30, inclusive.

49. California Business and Professions Code §17200, *et seq.* prohibits acts of unfair competition, which mean and include any "unfair...business act or practice."

50. As more fully described above, Defendant's acts and practices constitute unfair business acts or practices within the meaning of Business and Professions Code §17200, *et seq.* in that the justification for Defendant's conduct, if any, is outweighed by the harm to the general public. Such conduct is also contrary to public policy, immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers. On information and belief, Defendant's unfair conduct is ongoing and continues to this date.

51. The acts and practices engaged in by Defendant and alleged herein harmed Plaintiffs and, on information and belief, have harmed other California consumers. On information and belief, Defendant's conduct is ongoing and continues to this date.

52. Plaintiffs allege that Defendant's misconduct, as alleged herein, gave, and continues to give Defendant an unfair competitive advantage.

53. As a direct and proximate result of Defendant's aforementioned acts, Defendant has prospered and benefited from the sales of its non-compliant reports, and has been unjustly enriched by providing of non-compliant screening reports on Plaintiffs and on other consumers and should be required to disgorge illicit and/or enjoined from continuing such practices under California Business & Professions Code §17200 and related sections.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, and each of them, as follows:

1. For a declaration that Defendant's practices violate California Civil Code §1786 *et seq.*;

2. For compensatory, special, general and punitive damages according to proof against all Defendants;

3. For interest upon such damages as permitted by law;

4. For an award of reasonable attorney's fees provided by law under all applicable statutes;

5. For the costs of suit;

6. For such other orders of the Court and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby request and demand a jury trial on all issues triable by jury.

DATED: February 2, 2012

DEVIN H. FOK ESQ.
THE LAW OFFICES OF DEVIN H. FOK

By: _____
Devin H. Fok
Attorneys for Plaintiff GABRIEL F. MORAN

DATED: February 2, 2012

JOSHUA E. KIM ESQ.
A NEW WAY OF LIFE REENTRY PROJECT

By: _____
Joshua E. Kim
Attorneys for Plaintiff GABRIEL F. MORAN

## Thank You For Using The Screening Pros
On-line reports available 24/7

## -- ATTENTION --
The following criminal data is a summary only.
Contact member services if you need the original criminal report.

Consumer Report For: MAPLE SQUARE

Date - Time: 02/05/10 15:31:52

Transaction Number: 465164 - 1

Comment:

## -- APPLICANT INFORMATION PROVIDED BY MEMBER --

Applicant Name: MORAN, GABRIEL F      S.S#: XXX-XX-9010      State ID#: N6104647 - CA      DOB: 01/22/57
Current Address: 35555 ORLEANS DR , NEWARK, CA 94560
Previous Address:

## -- CRIMINAL REPORT --

## -- COUNTY CRIMINAL SUMMARY --

County / Jurisdiction: Alameda CA                                      Case Number: 188935

Filing Date: 05/16/00                                      Offense Type: Misdemeanor

Charge / Offense: CT1: Under the Influence of a controlled substance

Disposition Date: 03/02/04

Disposition: Dismissed

.................................................................................................

County / Jurisdiction: Alameda CA                                      Case Number: 217842

Filing Date: 06/04/06                                      Offense Type: Misdemeanor

Charge / Offense: CT1: Burglary 2nd degree

Disposition Date: 06/07/06

Disposition: Dismissed

.................................................................................................

County / Jurisdiction: Alameda CA                                      Case Number: 217842

Filing Date: 06/04/06                                      Offense Type: Misdemeanor

Charge / Offense: CT2: Forgery

Disposition Date: 06/07/06

Disposition: Dismissed

.................................................................................................



**County / Jurisdiction:** Alameda CA

**Filing Date:** 06/04/06

**Charge / Offense:** CT3: Embezzlement; Theft by non caretaker from older or dependent adult

**Disposition Date:** 06/07/06

**Disposition:** Guilty-60 Days jail; 3 Years court probation; $500 Fine

**Case Number:** 217842

**Offense Type:** Misdemeanor

---

**NOTE:** The dissemination of public records such as criminal records is based on an exact match of an individual's full name and full date of birth. Other identifiers such as address and social security numbers may be used in matching criminal records if available. It is the sole responsibility of the end-user to verify that the requested criminal reports are submitted accurately to ensure an accurate search.

**NOTE:** There are several states that prevent a consumer reporting agency from reporting records for various reasons. In accordance with specific state law(s), certain criminal records may not be reportable. To identify what these specific provisions are by state, click here for civil code text.

---

**— END CRIMINAL REPORT —**

New Consumer Reports

---

### Thank You For Using The Screening Pros
On-line reports available 24/7

---

### -- WARNING --
The following reports are confidential and use and possession of these
confidential consumer reports are protected and governed by state and federal law.

---

**Consumer Report For:** MAPLE SQUARE                                    **Date - Time:** 02/05/10 15:31:52

**Transaction Number:**   465164 - 1

**Comment:**

---

### -- APPLICANT INFORMATION PROVIDED BY MEMBER --

**Applicant's Name:**  MORAN, GABRIEL F          **SS#:** XXX-XX-9010        **State ID#:** N6104647-CA          **DOB:** 01/22/57

**Current Address:** 35555 ORLEANS DR, NEWARK, CA 94560

**Previous Address:**

**Lead Source:**                          **Prev Rent:**                 **New Rent:**                        **Monthly Income:**

---

### -- EVICTION - RENTAL HISTORY REPORT --

No records matching your applicant

---

**========   END OF EVICTION - RENTAL HISTORY REPORT   ========**


## -- REFORMATTED TRANSUNION CREDIT REPORT --

The following credit report has been re-formatted for your convenience.
The applicant's full and complete credit report is attached.

"Red Flag" federal identify theft rule imposes new duties on landlords. Full compliance goes into effect June 1st, 2010.

Click here for Red Flag Information sheet

## -- CONSUMER'S PERSONAL INFORMATION --

**Name:**   MORAN, GABRIEL F                **SS#:** XXX-XX-9010                              **DOB:** 01/22/57

**Address:**   855 TORO LN, LATHROP, CA 95330                                                **As Of:** 06/01/00
5254 RIVERSIDE AV, SAN PABLO, CA 94806                                                        **As Of:**
5264 RIVERSIDE AV, SAN PABLO, CA 94806                                                        **As Of:**

**Employer:** GABRIELS GARDENING                                                             **As Of:**
NEW HAVEN UNITED SCH                                                                          **As Of:**

## -- FACTA ALERTS --

No alerts on record.

## -- FRAUD ALERT / CONSUMER MESSAGES --

Address alert. Mismatch - Input does not match file

## -- CREDIT SUMMARY --

**Total Debt:** $0.00                    **Total Amt Past Due:** $0.00                   **FICO Score:** N / A
**Total Monthly Payments:** $0.00        **Total Lines of Credit:** 2
**Number of Collection Accounts:** 4     **Positive Lines of Credit:** 2
**Number of Public Records:** 0          **Negative Lines of Credit:** 0

## -- PUBLIC RECORDS --

No Public Records Returned

## -- COLLECTIONS --

**Original Creditor:** MEDICAL            **Charge Off Date:** 05/08/08                  **Original Amount:** $2800.00
**Collection Company:** MEDICREDIT        **Date Last Verified:** 01/19/10               **Current Balance:** $3345.00
**Comments:** Account Information disputed by consumer

**Original Creditor:** AT T WEST          **Charge Off Date:** 09/11/09                  **Original Amount:** $66.00
**Collection Company:** BAY AREA C S      **Date Last Verified:** 10/21/09               **Current Balance:** $66.00
**Comments:** Placed for collection

**Original Creditor:** MEL RAMSTEAD METZGER MGT   **Charge Off Date:** 06/21/07          **Original Amount:** $275.00
**Collection Company:** CB STOCKTON       **Date Last Verified:** 03/11/08               **Current Balance:** $298.00
**Comments:** Account information disputed by consumer

New Consumer Reports                                                                 Page 4 of 7

Original Creditor: 08 BANK OF THE WEST          Charge Off Date: 09/29/06          Original Amount: $302.00
Collection Company: BEST SERV CO                Date Last Verified: 06/12/09       Current Balance: $0.00
Comments: Paid collection

| -- ACCOUNT DETAILS -- | | | Legend |
| --- | --- | --- | --- |

| Creditor | Opened Date | Currently Past Due | Remarks |
| --- | --- | --- | --- |
| Account Type | Closed Date | Current Balance | 12 Month Payment History |
| | Verified Date | Monthly Payment | |

| TOYOTA MTR | 08/11/03 | -- -- -- | |
| Installment account | -- -- -- | -- -- -- | Nov Oct Sep Aug Jul Jun May Apr Mar Feb Jan Dec |
| | 12/31/04 | $240.00 Monthly | C C C C C C C C C C C C |
| | | | '04 '04 '04 '04 '04 '04 '04 '04 '04 '04 '04 '03 |

| TOYOTA MTR | 07/01/00 | -- -- -- | Closed |
| Installment account | 07/01/02 | -- -- -- | Jun May Apr Mar Feb Jan Dec Nov Oct Sep Aug Jul |
| | 07/01/02 | $295.00 Monthly | C C C C C C C C C C C C |
| | | | '02 '02 '02 '02 '02 '02 '01 '01 '01 '01 '01 '01 |

| -- CREDIT INQUIRIES -- | | |
| --- | --- | --- |

| Date | Inquirer | Reason |
| --- | --- | --- |
| 02/05/10 | SCREENING PR | Miscellaneous |

If you decline your applicant based on information within this TU report, direct them to:
TransUnion Attn:Consumer Disclosure Department
P.O. Box 1000, Chester, PA 19022   1 (800) 888-4213

---

**END OF REFORMATTED TRANSUNION CREDIT REPORT**



```
  00000465164001              TRANSUNION CREDIT REPORT

  <FOR>         <SUB NAME>           <MKT SUB>  <INFILE>   <DATE>      <TIME>
  (I) Z LA2824851 SCREENING PR       12 SK      11/83      02/05/10    17:34CT


  <SUBJECT>                                      <SSN>         <BIRTH DATE>
  MORAN, GABRIEL  F.                             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    1/57
  <CURRENT ADDRESS>                                          <DATE RPTD>
  855 TORO LN., LATHROP CA. 95330                            6/00
  <FORMER ADDRESS>
  5254 RIVERSIDE AV., SAN PABLO CA. 94806
  5264 RIVERSIDE AV., SAN PABLO CA. 94806
  <CURRENT EMPLOYER AND ADDRESS>
  GABRIELS GARDENING

  <FORMER EMPLOYER AND ADDRESS>
  NEW HAVEN UNITED SCH


  -----------------------------------------------------------------------
  S P E C I A L    M E S S A G E S
  ***ADDRESS ALERT: CURRENT INPUT ADDRESS DOES NOT MATCH FILE ADDRESS(ES)***
  ****HIGH RISK FRAUD ALERT:CLEAR FOR ALL SEARCHES PERFORMED***
  -----------------------------------------------------------------------
  C R E D I T    S U M M A R Y    * * *   T O T A L   F I L E   H I S T O R Y
  PR=0  COL=4  NEG=0  HSTNEG=0    TRD=2  RVL=0  INST=2  MTG=0  OPN=0  INQ=1
             HIGH CRED  CRED LIM  BALANCE  PAST DUE  MNTHLY PAY AVAILABLE
  INSTALLMENT: $10.1K    $         $        $0
  TOTALS:      $10.1K    $         $        $0        $
  -----------------------------------------------------------------------
  C O L L E C T I O N S
  SUBNAME        SUBCODE  ECOA OPENED  CLOSED $PLACED  CREDITOR           MOP
  ACCOUNT#                     VERIFIED       BALANCE  REMARKS
  MEDICREDIT     Y 184P007 I   5/08          $2800    MEDICAL            O9B
  15137598                     1/10A         $3345    ACCT INFO DSP BY CSM

  BAY AREA C S   Y 4445001 I   9/09          $66      AT T WEST          O9B
  82369824                     10/09A        $66      PLACED FOR COLLECTIO

  CB STOCKTON    Y 1XYF001 I   6/07          -$275    MEL RAMSTEAD METZG  O9B
  5010760000358662             3/08A         $298     ACCT INFO DSP BY CSM

  BEST SERV CO   Y 200N001 I   9/06    5/09F $302     08 BANK OF THE WES  O9P
  6296                         6/09A         $0       PAID COLLECTION
  -----------------------------------------------------------------------
  T R A D E S
  SUBNAME        SUBCODE   OPENED  HIGHCRED TERMS     MAXDELQ  PAYPAT 1-12 MOP
  ACCOUNT#                 VERFIED CREDLIM  PASTDUE   AMT-MOP  PAYPAT 13-24
  ECOA COLLATRL/LOANTYPE  CLSD/PD BALANCE  REMARKS            MO 30/60/90
  TOYOTA MTR     Q 4176123 8/03    $10.1K   60M240             111111111111 I01
  70400362961510001       12/04A   $0                         11111
  I    AUTOMOBILE                                              17   0/ 0/ 0

  TOYOTA MTR     Q 4176123 7/00    $6195    24M295             111111111111 I01
  70400361920870001       7/02A    $0                         11111111111
```

```
I    AUTOMOBILE        7/02C  $0      CLOSED                  24   0/ 0/ 0.
-----------------------------------------------------------------------------
I N Q U I R I E S
DATE     SUBCODE        SUBNAME       TYPE    AMOUNT
 2/05/10 ZLA2824851(CAL) SCREENING PR
-----------------------------------------------------------------------------
C R E D I T   R E P O R T   S E R V I C E D   B Y :
TRANSUNION                                             800 888-4213
2 BALDWIN PLACE, P. O. BOX 1000,CHESTER, PA. 19022
Consumer disclosures can be obtained online through TransUnion at:
     http://www.transunion.com
```

                    END OF TRANSUNION REPORT

---

If you decline your applicant based on information within this TU report, direct them to:

TransUnion Attn:Consumer Disclosure Department

P.O. Box 1000, Chester, PA 19022   1 (800) 888-4213

---

**END OF ORIGINAL TRANSUNION CREDIT REPORT**

New Consumer Reports

-- CRIMINAL REPORT ORDER --

**Your order for the following criminal reports has been received and is currently being processed. Your report(s) will be available on-line when completed.**

County Criminal (1 County)

END OF CRIMINAL REPORT ORDER

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Devin H. Fok (256599); Joshua E. Kim (257260)
P.O. Box 875288
Los Angeles, CA 90087
TELEPHONE NO.: 310-430-9933        FAX NO.: 323-563-3445
ATTORNEY FOR (Name): Gabriel Felix Moran

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central - Stanley Mosk

**FILED**
Superior Court of California
County of Los Angeles

FEB 02 2012

John A. Clarke, Executive Officer/ Clerk
By _____ M. Soto _____, Deputy
MOSES SOTO

CASE NAME:
Moran v. The Screening Pros, LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | BC478220 |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Mass tort (40) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Product liability (24) | **Real Property** | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse condemnation (14) | |
| ☐ Other PI/PD/WD (23) | ☐ Wrongful eviction (33) | |
| **Non-PI/PD/WD (Other) Tort** | ☒ Other real property (26) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Drugs (38) | ☐ Other complaint (not specified above) (42) |
| ☐ Intellectual property (19) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Petition re: arbitration award (11) | ☐ Other petition (not specified above) (43) |
| **Employment** | ☐ Writ of mandate (02) | |
| ☐ Wrongful termination (36) | ☐ Other judicial review (39) | |
| ☐ Other employment (15) | | |

2. This case ☐ is  ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties      d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve      e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence      f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief      c. ☑ punitive
4. Number of causes of action (specify):  Violations of ICRAA Civ. C. Section 1786 et seq.
5. This case ☐ is  ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 2/1/2012

Devin H. Fok
_____ ▶ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

| SHORT TITLE: Moran v. The Screening Pros, LLC | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES    CLASS ACTION? ☐ YES  LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 3   ☐ HOURS/ ☑ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Moran v. The Screening Pros, LLC | |

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation.     Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☒ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)  
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM  
AND STATEMENT OF LOCATION**

Local Rule 2.0  
Page 2 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Moran v. The Screening Pros, LLC | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Moran v. The Screening Pros, LLC | |

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| | ADDRESS: |
|---|---|
| **REASON:  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.**<br><br>□1. ☑2. □3. □4. □5. □6. □7. □8. □9. □10. | 4195 E. Thousand Oaks Blvd., #235<br>Thousand Oaks, CA 91362 |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Thousand Oaks | CA | 91362 |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _____Stanley Mosk_____ courthouse in the _____Central_____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: 2/1/2012

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5.  Payment in full of the filing fee, unless fees have been waived.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

EXHIBIT "3"

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Devin H. Fok (256599); Joshua E. Kim (257260)<br>P. O. Box 875288<br>Los Angeles, CA 90087 | |

TELEPHONE NO.: 310-430-9933   FAX NO. (Optional): 323-563-3445

E-MAIL ADDRESS (Optional):

ATTORNEY FOR (Name): Gabriel Felix Moran

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAR 07 2012

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Amber La-Flor-Clayton

**FILED**
Los Angeles Superior Court

FEB 27 2012

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
DOROTHY SWAIN

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central - Stanley Mosk

PLAINTIFF/PETITIONER: Moran

DEFENDANT/RESPONDENT: The Screening Pros. LLC

CASE NUMBER: BC 47 8220

Ref. No. or File No.:

### PROOF OF SERVICE OF SUMMONS

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ summons
   b. ☐ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* Civil Case Cover Sheet Addendum and Statement of Location; Exhibit "1"; Notice of Case Assignment-Unlimited Civil Case; Blank Stipulation of Participate in Alternative Dispute Resolution (ADR)

3. a. Party served *(specify name of party as shown on documents served):*

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   David Leon

4. Address where the party was served: 6345 Balboa Blvd., #J-300
   Encino, CA 91316

5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 2/14/2012   (2) at *(time):* 10:54 a.m.
   b. ☐ **by substituted service.** On *(date):*   at *(time):*   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*   from *(city):*   or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER: Moran | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: The Screening Pros. LLC | |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)  on *(date):*                   (2)  from *(city):*

    (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*) (Code Civ. Proc., § 415.30.)*

    (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  ☐  **by other means** *(specify means of service and authorizing code section):*

    ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a.  ☐  as an individual defendant.
  b.  ☐  as the person sued under the fictitious name of *(specify):*
  c.  ☐  as occupant.
  d.  ☐  On behalf of *(specify):*
    under the following Code of Civil Procedure section:

| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
|---|---|
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7.  **Person who served papers**
  a.  Name:    **Denis Contreras - BIC Photocopy & Legal Services**
  b.  Address:  **P. O. Box 17734 Beverly Hills, CA 90209**
  c.  Telephone number:  **323-782-6934**
  d.  The fee for service was: $
  e.  I am:
    (1)  ☐  not a registered California process server.
    (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).
    (3)  ☒  a registered California process server.
      (i)  ☐  owner  ☒  employee  ☒  independent contractor.
      (ii)  Registration No.:  **4839**
      (iii)  County:    **Los Angeles**

8.  ☒  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    **or**

9.  ☐  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:  2/15/2012

DENIS CONTRERAS
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

(SIGNATURE )

EXHIBIT "4"

1  JACOBSON, RUSSELL, SALTZ & FINGERMAN, LLP
   Michael J. Saltz, Esq.  SBN 189751
2  G. Austin Sperry, Esq.  SBN 278535
   10866 Wilshire Boulevard, Suite 1550
3  Los Angeles, CA  90024
   Telephone:  (310) 446-9900
4  Facsimile:  (310) 446-9909
   msaltz@jrsfllp.com
5  asperry@jrsfllp.com

6

7  Attorneys for Defendant THE SCREENING PROS, LLC

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAR 15 2012

John A. Clark, Executive Officer/Clerk
BY _____, Deputy
        Anna Grider

8

9          SUPERIOR COURT OF THE STATE OF CALIFORNIA

              COUNTY OF LOS ANGELES

10

11  GABRIEL FELIX MORAN;                    | **UNLIMITED JURISDICTION**

12          Plaintiff,                      | Case No.: BC478220

13      vs.                                 | [Assigned for all purposes to the Honorable
                                            | Steven J. Kleifield, Department 53]
14  THE SCREENING PROS, LLC, a California
    Corporation; and DOES 1-10 inclusive;  | **DEFENDANT'S NOTICE OF DEMURRER**
15                                          | **AND DEMURRER TO PLAINTIFF'S**
                                            | **COMPLAINT FOR DAMAGES;**
16          Defendants.                     | **MEMORANDUM OF POINTS AND**
                                            | **AUTHORITIES IN SUPPORT THEREOF**
17

18                                          | DATE: June 25, 2012
                                            | TIME: 8:30 AM
19                                          | DEPT.  53

20

21                                          | Complaint filed: Feb. 2, 2012
                                            | Discovery Cut-Off: TBD
22                                          | Trial Date: TBD

23

24

25  TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

26      PLEASE TAKE NOTICE that on June 25, 2012 at 8:30 AM in Department 53 of the

27  entitled Court, or as soon thereafter as the matter may be heard by the Honorable Steven J. Kleifield

28

Case No.:  BC478220
File No.: 5.371.001

**ORIGINAL**

Jacobson, Russell, Saltz & Fingerman, LLP
10866 Wilshire Boulevard, Suite 1550  Los Angeles, CA  90024
Tel.: 310.446.9900 • Fax: 310.446.9909

i

DEMURRER TO COMPLAINT FOR DAMAGES

1  Defendant The Screening Pros, LLC, pursuant to *Code of Civil Procedure* § 430.010 et seq., will
2  demur to the Complaint for Damages filed by Plaintiff Gabriel Felix Moran as follows:

3      1.     Defendant will demur to Plaintiff's First Cause of Action for Violation of California *Civil*
4  *Code* § 1786.18(a)(7) on the grounds that said cause of action does not state enough facts to constitute
5  a legal claim against Defendant;

6      2.     Defendant will demur to Plaintiff's Second Cause of Action for Violation of California
7  *Civil Code* § 1786.20 on the grounds that said cause of action does not state enough facts to constitute
8  a legal claim against Defendant;

9      3.     Defendant will demur to Plaintiff's Third Cause of Action for Violation of California
10 *Business & Professions Code* § 17200 et. seq. on the grounds that said cause of action does not state
11 enough facts to constitute a legal claim against Defendant; and

12     4.     Defendant will demur to Plaintiff's Fourth Cause of Action for Violation of California
13 *Business & Professions Code* § 17200 et. seq. on the grounds that said cause of action does not state
14 enough facts to constitute a legal claim against Defendant.

15     The demurrer will be made under *Code of Civil Procedure* § 430.010 et seq. on the grounds
16 that each cause of action asserted in the Complaint fails to set forth enough facts to constitute a claim
17 against Defendant.

18     The demurrer will be based on the attached Memorandum of Points and Authorities, including
19 any declarations and exhibits filed therewith, the complete files and records of this action, those
20 matters of which the Court may and must take judicial notice, and such other and further evidence and
21 argument which may be presented at the hearing on this motion.

22 Dated: March 7, 2012          **Jacobson, Russell, Saltz & Fingerman LLP**

23
24
25                            Michael J. Saltz, Esq.
26                            Attorneys for Defendant The Screening Pros, LLC
27
28

Jacobson, Russell, Saltz & Fingerman, LLP
10866 Wilshire Boulevard, Suite 1550  Los Angeles, CA 90024
Tel.: 310.446.9900 • Fax: 310.446.9909

Case No.: BC478220
File No.: 5.371.001

DEMURRER TO COMPLAINT FOR DAMAGES

# DEMURRER

Defendant The Screening Pros, LLC, pursuant to *Code of Civil Procedure* § 430.010 et seq., hereby demurs to the Complaint for Damages filed by Plaintiff Gabriel Felix Moran as follows:

1.      Defendant will demur to Plaintiff's First Cause of Action for Violation of California *Civil Code* § 1786.18(a)(7) on the grounds that said cause of action does not state enough facts to constitute a legal claim against Defendant;

2.      Defendant will demur to Plaintiff's Second Cause of Action for Violation of California *Civil Code* § 1786.20 on the grounds that said cause of action does not state enough facts to constitute a legal claim against Defendant;

3.      Defendant will demur to Plaintiff's Third Cause of Action for Violation of California *Business & Professions Code* § 17200 et. seq. on the grounds that said cause of action does not state enough facts to constitute a legal claim against Defendant; and

4.      Defendant will demur to Plaintiff's Fourth Cause of Action for Violation of California *Business & Professions Code* § 17200 et. seq. on the grounds that said cause of action does not state enough facts to constitute a legal claim against Defendant.

The demurrer is made under *Code of Civil Procedure* § 430.010 et seq. on the grounds that each cause of action asserted in the Complaint fails to set forth enough facts to constitute a claim against Defendant.

The demurrer is based on the attached Memorandum of Points and Authorities, including any declarations and exhibits filed therewith, the complete files and records of this action, those matters of which the Court may and must take judicial notice, and such other and further evidence and argument which may be presented at the hearing on this motion.

Dated: March 7, 2012          Jacobson, Russell, Saltz & Fingerman LLP

Michael J. Saltz, Esq.
Attorneys for Defendant The Screening Pros, LLC

Jacobson, Russell, Saltz & Fingerman, LLP
10866 Wilshire Boulevard, Suite 1550 Los Angeles, CA 90024
Tel.: 310.446.9900 • Fax: 310.446.9909

1

# TABLE OF CONTENTS

2  MEMORANDUM OF POINTS AND AUTHORITIES ........................................................ 1

3  1.      INTRODUCTION AND RELEVANT ALLEGATIONS ..................................... 1

4  2.      LEGAL ARGUMENT ...................................................................................... 4

5
   A.      STANDARD ON DEMURRER .................................................................... 4
6
   B.      THE HISTORY OF CCRAA AND ICRAA ................................................. 5
7
8  C.      THE ATTACHED REPORT IS NOT AN ICR AS A MATTER OF LAW, AND THUS
           THE ENTIRE COMPLAINT FAILS TO STATE A CAUSE OF ACTION FOR
9          VIOLATION OF ICRAA.................................................................................. 8

10     1)  The Mere Presence Of Public Criminal And Civil Court Records Does Not Make A
           Tenant Screening Report An ICR, Or Else ICRAA Becomes Unconstitutionally Vague
11         As A Matter of Law.......................................................................................... 8

12 D.      ALL ICRAA AND CCRAA STATUTES THAT IN ANY WAY RESTRICT THE
           REPORTING OF TRUTHFUL PUBLIC RECORD INFORMATION IN ANY
13         MANNER ARE UNCONSTITUTIONAL AS A MATTER OF LAW AND CANNOT
14         BE THE BASIS OF A VIOLATION OF ICRAA OR CCRAA. ..........................11

15 E.      PLAINTIFF LACKS STANDING TO BRING A UBP CLAIM. ...................... 14

16     1)  Since The ICRAA Does Not Apply To This Case, No Violation of Any Statue Has
17         Been Alleged. ................................................................................................ 14

18     2)  No Money Or Property Subject To Restitution Has Been Alleged To Establish Standing
           To Plead A UBP Claim. .................................................................................. 14
19
20 3.      CONCLUSION ............................................................................................... 15

21

22

23

24

25

26

27

28

Jacobson, Russell, Saltz & Fingerman, LLP
10866 Wilshire Boulevard, Suite 1550 Los Angeles, CA 90024
Tel.: 310.446.9900 • Fax: 310.446.9909

Case No.: BC478220
File No.: 5.371.001

iv

DEMURRER TO COMPLAINT FOR DAMAGES

# TABLE OF AUTHORITIES

Cases

*Bradler v. Craig* (1969) 274 Cal.App.2d 466 ................................................................. 5

*Breneric Associates v. City of Del Mar* (1998) 69 Cal.App.4th 166............................... 3, 4

*C&H Foods, Co. v. Hartford Insurance Co.* (1984) 163 Cal.App.3d 1055 ........................ 5

*Citizens of Humanity, LLC v. Costco Wholesale Corp.* (2009) 171 Cal.App.4th 1 ........................ 15

*Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256 ................................... 4

*Kasky v. Nike, Inc.* (2002) 27 Cal.4th 939 .................................................................... 14

*Korea Supply Co. v. Lockheed Martin Corp.* (2003) 29 Cal.4th 1134................................. 14, 15

*Locton v. O'Rourke* (2010) 184 Cal.App.4th 1051 ........................................................ 4

*Mead v. Sanwa Bank California* (1998) 61 Cal.App.4th 561 ........................................ 3, 4

*Ortiz v. Lyon Management Group, Inc.* (2007) 157 Cal.App.4th 604 ................................. passim

*Picton v. Anderson Union High School District,* (1996) 50 Cal.App.4th 726 ................. 4

*Trujillo v. First American Registry, Inc.* (2007) 157 Cal.App.4th 628 ...................... 3, 4, 9, 14

*U.D. Registry v. State of California* (2006) 144 Cal.App.4th 405 ........................... 2, 6, 12

*U.D. Registry, Inc. v. State of California* (1995) 34 Cal.App.4th 107 ....................... 2, 6, 12

*Washington v. County of Contra Costa* (1995) 38 Cal.App.4th 890................................. 4


Statutes

15 USC § 1681a(d)......................................................................................................... 5

*Bus. & Prof. Code* § 17200 .......................................................................................... 4

*Civ. Code* § 1785.1(d) ................................................................................................... 6

*Civ. Code* § 1785.11 ...................................................................................................... 6

*Civ. Code* § 1785.11(a)(3)(E) ........................................................................................ 6

*Civ. Code* § 1785.11.2 ................................................................................................... 12

*Civ. Code* § 1785.13 ................................................................................................... 3, 8

*Civ. Code* § 1785.13(a)(3) ......................................................................................... 6, 12

Jacobson, Russell, Saltz & Fingerman, LLP
10866 Wilshire Boulevard, Suite 1550  Los Angeles, CA 90024
Tel.: 310.446.9900 • Fax: 310.446.9909

Case No.: BC478220
File No.: 5.371.001

DEMURRER TO COMPLAINT FOR DAMAGES

*Civ. Code* § 1785.13(a)(6) ..................................................................................................... 11, 12

*Civ. Code* § 1785.3(a)(3) ............................................................................................................ 6

*Civ. Code* § 1785.3(c)(3) ............................................................................................................ 6

*Civ. Code* § 1786(a) ................................................................................................................... 6

*Civ. Code* § 1786(f) .................................................................................................................... 6

*Civ. Code* § 1786.12(d)(5) ......................................................................................................... 6

*Civ. Code* § 1786.18 ........................................................................................................... 3, 6, 8

*Civ. Code* § 1786.2(b) ................................................................................................................ 6

*Civ. Code* § 1786.2(c) ........................................................................................................ 5, 6, 7

*Civ. Code,* § 1785.3(c) ........................................................................................................ 5, 6, 7

*Civ. Code,* former § 1785.3(c) ............................................................................................ 2, 5, 8

*Civ. Code,* former § 1786.2(c) ............................................................................................ 3, 5, 8

*Penal Code* § 1203.4 ............................................................................................................ 1, 11

Other Authorities

Legislative Counsel's Digest of Senate Bill 1406 (1981-1982 Reg. Sess.) as introduced on February 1, 1982 ...................................................................................................................................... 7

Jacobson, Russell, Saltz & Fingerman, LLP
10866 Wilshire Boulevard, Suite 1550   Los Angeles, CA 90024
Tel.: 310.446.9900 • Fax: 310.446.9909

Case No.:  BC478220
File No.:  5.371.001

DEMURRER TO COMPLAINT FOR DAMAGES

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. INTRODUCTION AND RELEVANT ALLEGATIONS

This case involves claims by Plaintiff Garbiel Felix Moran ("Plaintiff") against Defendant The Screening Pros, LLC ("TSP") arising out of a tenant screening report issued by TSP regarding Plaintiff that reported truthful information about Plaintiff's criminal history and convictions along side Plaintiff's credit report containing no less than four separate collection accounts.

Specifically, Plaintiff alleges that "TSP is in the business of issuing background screening reports on California consumers." [Complaint ¶ 1].  Plaintiff then claims that said screening reports, including the screening report at issue in this case, are issued for tenant screening purposes [See Complaint ¶¶ 20,21,23,24,&29], and that said tenant screening reports contain public record information inclusive of public court records about criminal cases. [See Complaint ¶ 21, and Complaint Exb. "1"].

Plaintiff then alleges that on or about February 5, 2010, TSP furnished a tenant screening report to Affirmed Housing Group in response to Plaintiff's application to seek housing at a development owned by Affirmed Housing Group named Maple Square. [See Complaint ¶¶ 23,24]. A copy of the subject tenant screening report is attached to the Complaint as Exhibit "1" [Complaint ¶ 25; Complaint Exb. "1"].

According to the Complaint, said tenant screening report contained truthful factual information from public court records regarding Plaintiff's criminal history. [Complaint ¶¶ 26,27,28; Complaint Exb. "1"]. Specifically, said tenant screening report truthfully reported that on or about 5-16-00, Plaintiff was charged in a misdemeanor complaint containing Case Number 188935 with being "under the influence of a controlled substance", and that said case was dismissed some four years later on 3-2-04 (presumably pursuant to *Penal Code* § 1203.4 after a guilty plea was entered and probation served). [See Complaint ¶¶ 26,27; Complaint Exb. "1"].

Additionally, said tenant screening report truthfully reported that on or about 6-4-06, Plaintiff was charged in a misdemeanor complaint containing Case Number 217842 with: Count 1 Burglary in the 2nd degree, Count 2 Forgery, and Count 3 Embezzlement constituting theft by a non-caretaker from an older or dependent adult.  On 6-7-06, as part of a plea deal, the criminal case was disposed of by Plaintiff pleading "Guilty" to Count 3 in exchange for the dismissal of Counts 1 and 2. [See Complaint

Jacobson, Russell, Saltz & Fingerman, LLP
10866 Wilshire Boulevard, Suite 1550  Los Angeles, CA 90024
Tel: 310.446.9900 • Fax: 310.446.9909

¶ 28; Complaint Exb. "1"]. Said plea of "Guilty" resulted in Plaintiff receiving the lenient sentence of 60 days in jail followed by 3 years probation and a fine of $500. [See Complaint ¶ 28; Complaint Exb. "1"]. As such, it is without question that misdemeanor complaint number 217842 resulted in a conviction.

By attaching the subject tenant screening report to the operative Complaint, Plaintiffs have also established that said public criminal court record information was reported along side Plaintiff's unenviable credit history consisting of 4 collection accounts with: Medicredit in 2008 for $3,345.00; AT&T West in 2009 for $66.00; Mel Ramstead Metzger Management in 2007 for $298.00; and Bank of The West in 2006 for $302.00. [See Complaint Exb. "1"].

The Complaint, then makes the false legal conclusion that such tenant screening reports are entirely regulated under the California Investigative Consumer Reporting Agencies Act ("ICRAA") [Complaint ¶ 1], and are thus Investigative Consumer Reports ("ICR" singular; "ICRs" plural). [Complaint ¶ 25]. This statement is legally false on its face: Tenant screening reports that contain such public court records are actually Consumer Credit Reports ("CR" singular; "CRs" plural) regulated by the California Consumer Credit Reporting Agency Act ("CCRAA") [See *U.D. Registry v. State of California* (2006) 144 Cal.App.4th 405, 410 ("Plaintiff is a credit reporting agency that issues consumer credit reports within the meaning of section 1785.3, subdivisions (c) and (d) of the Consumer Credit Reporting Agencies Act (the act). ( § 1785.2 et seq.) Plaintiff collects credit-related public record information about individuals including unlawful detainer, foreclosure, bankruptcy, and tax lien data. Plaintiff sells consumer credit reports to its members—landowners, property managers, and others. Plaintiff's members consider the reports in deciding whether to lease real property to prospective tenants."); *U.D. Registry, Inc. v. State of California* (1995) 34 Cal.App.4th 107, 109 ("UDR gathers information regarding unlawful detainer cases from municipal and superior court files, and sells that information to subscribers, including the Apartment Association. Both plaintiffs are credit reporting agencies within the meaning of section 1785.13.")].

The distinguishing factor between a CR controlled by CCRAA and an ICR controlled by ICRAA is that a CR is a report that provides information "bearing on a consumer's credit worthiness, credit standing, or credit capacity, which is used...for the purpose of serving as a factor in establishing the consumer's eligibility for ... hiring of a dwelling unit..." [*Civ. Code* § 1785.3(c)]. In contrast, an

Jacobson, Russell, Saltz & Fingerman, LLP
10866 Wilshire Boulevard, Suite 1550  Los Angeles, CA 90024
Tel.: 310.446.9900 • Fax: 310.446.9909

Case No.: BC478220
File No.: 5.371.001

2

ICR is a report "in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means." [*Civ. Code* § 1786.2(c)].

Despite this distinction between an ICR and a CR, Plaintiff alleges that the subject tenant screening report that Plaintiff attached to the Complaint as Exhibit "1" is an ICR because it contains information about Plaintiff's "general reputation, character, mode of living or other personal characteristics." [Complaint ¶¶ 21,24]. However, this claim is also false as a matter of law, as it is made in direct contradiction of what the subject report actually says. Specifically, the subject tenant screening report attached to the Complaint says nothing about, nor does it make any conclusion or deduction concerning, Plaintiff's "general reputation" (e.g, what people in the community think about Plaintiff), "character" (e.g., Plaintiff's moral fiber), "mode of living" (e.g., how Plaintiff supports himself) or other "personal characteristics" (e.g., Plaintiff's height, hair color, etc.). [See Complaint Exb. "1"]. As such, Plaintiff's allegations that the subject tenant screening report is an ICR is directly contradicted by Exhibit "1" to the Complaint, which otherwise controls over any contrary allegations in the Complaint for purposes of ruling on a demurrer. [See *Mead v. Sanwa Bank California* (1998) 61 Cal.App.4th 561, 567-568; *see Breneric Associates v. City of Del Mar* (1998) 69 Cal.App.4th 166, 180].

Recognizing this deficiency, Plaintiff alleges that the subject tenant screening report is an ICR because it includes public criminal court records, which automatically constitute information on Plaintiff's "general reputation, character, mode of living or other personal characteristics." [Complaint ¶¶ 21,24]. However, case law dictates such is not the case, and that to imply otherwise makes the entire ICRAA under such circumstance void for being unconstitutionally vague. [See *Trujillo v. First American Registry, Inc.* (2007) 157 Cal.App.4th 628, 640; *Ortiz v. Lyon Management Group, Inc.* (2007) 157 Cal.App.4th 604, 615-619].

Specifically, public criminal court records, like public unlawful detainer court records, are items of information that may be expressly included in a CR to determine a consumer's credit worthiness or capacity [see *Civ. Code* § 1785.13] as well as in an ICR to determine general reputation or character information [*Civ. Code* § 1786.18]. As such, the mere presence of such information in a tenant screening report, without more, cannot be a determining factor as to whether CCRAA or ICRAA govern the subject tenant screening report. As such, the Appellate Courts have determined that

Jacobson, Russell, Saltz & Fingerman, LLP
10866 Wilshire Boulevard, Suite 1550  Los Angeles, CA 90024
Tel.: 310.446.9900 • Fax: 310.446.9909

Case No.: BC478220
File No.: 5.371.001

DEMURRER TO COMPLAINT FOR DAMAGES

ICRAA is unconstitutionally vague and is otherwise void concerning the reporting of such public records. [See *Trujillo v. First American Registry, Inc.* (2007) 157 Cal.App.4th 628, 640; *Ortiz v. Lyon Management Group, Inc.* (2007) 157 Cal.App.4th 604, 615-619].

Nevertheless, Plaintiff alleges that the reporting of such truthful public record information about dismissed criminal charges is prohibited under ICRAA and caused his application to be denied [Complaint ¶ 29].[1] As such, Plaintiff alleges that he was damaged by losing a housing opportunity (to which Plaintiff does not allege an automatic entitlement) and by having to "spend time, money and energy to clean up" TSP's truthful reporting of public records. [Complaint ¶ 4]. Remarkably, the Complaint contains no allegation that TSP ever took any money or property *from Plaintiff* that is subject to disgorgement, or that Plaintiff ever directly gave TSP money or property. Thus, as a matter of law, Plaintiff has failed to allege any standing to sue for Unfair Business Practices ("UBP") [*Bus. & Prof. Code* § 17200], let alone a violation of any statute in light of the fact that ICRAA does not apply to this case. As such, all of Plaintiff's causes of action fail as a matter of law.

## 2. LEGAL ARGUMENT
### A. STANDARD ON DEMURRER

"A demurrer properly is granted when the pleadings fail to state facts sufficient to constitute a cause of action." [*Washington v. County of Contra Costa* (1995) 38 Cal.App.4th 890, 895]. In determining whether the complaint alleges sufficient facts, the Court should consider the facts alleged on the face of the complaint, as well as matters that may be judicially noticed. [*Locton v. O'Rourke* (2010) 184 Cal.App.4th 1051, 1056]. Facts "appearing in the exhibits attached to the complaint" may also be considered, along with matters outside the pleading that are subject to judicial notice. [*Picton v. Anderson Union High School District,* (1996) 50 Cal.App.4th 726, 730; *Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 264]. To the extent that the facts in the exhibits contradict the allegations in a complaint, the facts in the exhibit control for purposes of ruling on a demurrer. [*See Mead v. Sanwa Bank California* (1998) 61 Cal.App.4th 561, 567-568; *see Breneric Associates v. City of Del Mar* (1998) 69 Cal.App.4th 166, 180].

[1] It is important to note that the Complaint does not allege that Plaintiff's application for Maple Square would have otherwise been accepted despite the criminal conviction that was reported, which Plaintiff's Complaint concedes was proper even under ICRAA, or the four collection accounts that were reported — one of which is being pursued by a management company.

Jacobson, Russell, Saltz & Fingerman, LLP
10866 Wilshire Boulevard, Suite 1550  Los Angeles, CA 90024
Tel: 310.446.9900 • Fax: 310.446.9909

Facts not alleged in the complaint or its attachments are "presumed not to exist." [*C&H Foods, Co. v. Hartford Insurance Co.* (1984) 163 Cal.App.3d 1055, 1062]. Significantly, "contentions, deductions or conclusions of fact or law alleged in the complaint are not considered in judging its sufficiency." [*Id; see Bradler v. Craig* (1969) 274 Cal.App.2d 466, 475 (disregarding conclusory allegations in sustaining demurrer)].

## B. THE HISTORY OF CCRAA AND ICRAA

In 1975, California enacted a dual statutory scheme for the regulation of the consumer reporting industry in this State. "[W]hen California enacted its own version of the [federal] act in 1975, it drew a distinction between 'consumer credit reporting agencies' and 'investigative consumer reporting agencies.' The former were covered by CCRAA, the latter under ICRA[A]." [*Cisneros v. The U.D. Registry, Inc.* (1995) 39 Cal.App.4th 548, 559].

Because the California Legislature divided the regulation of consumer reporting agencies into CCRAA and ICRAA, the federal definition of consumer report was similarly divided. [Compare *Civ. Code*, § 1785.3(c) & *Civ. Code* § 1786.2(c) with 15 USC § 1681a(d)]. CCRAA governed "consumer credit reports," defined as "any written, oral, or other communication of any information by a consumer credit reporting agency bearing on a consumer's credit worthiness, credit standing, or credit capacity . . ." [*Civ. Code*, former § 1785.3(c)]. ICRAA by comparison, governed "investigative consumer reports," which, until 1999, were defined as "a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained **through personal interviews** with neighbors, friends, or associates of the consumer reported on, or others with whom he or she is acquainted or who may have knowledge concerning any of these items of information." [*Civ. Code*, former § 1786.2(c)].

In order to effectuate the distinction between the two statutory schemes, the definition of a consumer credit report *expressly excludes* ICRs. A "consumer credit report" under CCRAA does not include "any report containing information solely on a consumer's character, general reputation, personal characteristics, or mode of living which is obtained through personal interviews with neighbors, friends or associates of the consumer reported on, or others with whom he is acquainted or who may have knowledge concerning those items of information." [*Civ. Code* § 1785.3(c)]. Likewise, an ICR "does not include a consumer report or other compilation of information which is limited to

Jacobson, Russell, Saltz & Fingerman, LLP
10866 Wilshire Boulevard, Suite 1550  Los Angeles, CA 90024
Tel.: 310.446.9900 • Fax: 310.446.9909

Case No.: BC478220
File No.: 5.371.001

DEMURRER TO COMPLAINT FOR DAMAGES

specific factual information relating to a consumer's credit record or manner of obtaining credit obtained directly from a creditor of the consumer or from a consumer reporting agency when that information was obtained directly from a potential or existing creditor of the consumer or from the consumer. [*Civ. Code* § 1786.2(c)].

CCRAA, at its inception, applied to consumer credit reports used to determine eligibility for credit for personal, family or household purposes, or employment purposes, insurance, licensing and other legitimate purposes. [*Civ. Code* § 1785.3(c), *Civ. Code* §1785.11]. ICRAA, in turn, applied to applications for employment purposes and for insurance for personal, family or household purposes. [*Civ. Code* § 1786.2(b)].

In addition, both CCRAA and ICRAA expressly authorize the reporting of unlawful detainer actions and public criminal court records. [see *Civ. Code* § 1785.13(a)(3)&(6); also see *Civ. Code* § 1786.18(a)(4)&(7)]. [2]

In 1982, the Legislature added "hiring of a dwelling unit" to both CCRAA and ICRAA, thereby regulating the use of consumer credit reports and investigative consumer reports to determine a prospective tenant's eligibility for rental housing (i.e., tenant screening reports). [*Civ. Code* §§ 1785.1(d);   1785.3(a)(3);   1785.3(c)(3);   1785.11(a)(3)(E);   1786(a);   1786(f);   1786.2(b);   and 1786.12(d)(5)].

The 1982 amendments maintained the clear distinction between CRs and ICRs by contemplating and providing for the possible use of both reports in connection with a prospective tenant's eligibility for rental housing:

> [SB 1406] would include within the term 'consumer credit report' any communication of any information by a consumer credit reporting agency bearing on a consumer's credit worthiness, credit standing, or credit capacity which is used or expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing the consumer's eligibility for the hiring of a dwelling unit, for purposes of the Consumer Credit Reporting Agencies Act; and would include the hiring of a dwelling unit as an activity which would cause a person who meets other specified criteria to be a 'consumer' or an

---

[2] In 1995, the Court of Appeal declared *Civ. Code* § 1785.13(a)(3) unconstitutional to the extent it limited the information obtained from court records that a consumer reporting agency may report regarding a tenant's involvement in an unlawful detainer action. [*U.D. Registry, Inc. v. State of California* (1995) 34 Cal.App.4th 107, 116]. Under the Court's reasoning therein, any limitation or prohibition on the reporting of any public court records is likewise unconstitutional. [See for example *U.D. Registry v. State of California* (2006) 144 Cal.App.4th 405].

Jacobson, Russell, Saltz & Fingerman, LLP
10866 Wilshire Boulevard, Suite 1550   Los Angeles, CA 90024
Tel.: 310.446.9900 • Fax: 310.446.9909

Case No.: BC478220
File No.: 5.371.001

DEMURRER TO COMPLAINT FOR DAMAGES

'investigative consumer reporting agency' for purposes of the Investigative Consumer Reporting Agencies Act.

[Legislative Counsel's Digest of Senate Bill 1406 (1981-1982 Reg. Sess.) as introduced on February 1, 1982]. Thus, since the enactment of CCRAA and ICRAA, the Legislature has maintained the distinction between consumer CRs and ICRs and expressly recognized that reports on unlawful detainer actions and criminal court cases, or information derived therefrom, might be included in both kinds of reports, but are otherwise not the defining factor. Rather, it is the nature and subject matter of the report, not simply the inclusion of information of unlawful detainer actions or criminal court cases that is determinative of its classification. Each classification is then subject to its own set of regulatory provisions.

The distinction between the two types of reports took center stage in a 1995 decision of the Court of Appeal. There, the court addressed whether "[the] practice of soliciting written comments from its subscriber landlords concerning tenants' treatment of rental premises, then passing that information on to other subscribers, brings it under ICRA[A]." [*Cisneros*, 39 Cal.App.4th at 567]. The Court of Appeal noted that "[t]he issue is significant because ICRA[A] imposes stricter notice and verification requirements than CCRAA." [*Id.*] The Court of Appeal in *Cisneros* concluded that the reports the tenant screening agency assembled and disseminated were not "investigative consumer reports" because the information it received from the landlords was not obtained through "personal interviews." [*Cisneros*, 39 Cal.App.4th at 569]. The appellate court reasoned that the landlords obtained the information through personal observation of the premises and petitioner obtained the information by means of written responses to forms, not personal interviews. [*Id.*]

However, in 1998, the Legislature deleted the "personal interview" requirement for ICRs and revised *Civ. Code* § 1786.2(c) to permit ICR to include information on character, general reputation, personal characteristics, or mode of living obtained through "any means." [*Civ. Code* § 1786.2(c)].[3] The purpose of the amendment was to broaden the means by which reputation and character information included in an ICR might be obtained.

---

[3] The Legislature failed to similarly amend the *Civil Code* § 1785.3(c) exclusion of investigative consumer reports from the definition of consumer credit reports.

Case No.: BC478220
File No.: 5.371.001

DEMURRER TO COMPLAINT FOR DAMAGES

Jacobson, Russell, Saltz & Fingerman, LLP
10866 Wilshire Boulevard, Suite 1550  Los Angeles, CA 90024
Tel.: 310.446.9900 • Fax: 310.446.9909

C. **THE ATTACHED REPORT IS NOT AN ICR AS A MATTER OF LAW, AND THUS THE ENTIRE COMPLAINT FAILS TO STATE A CAUSE OF ACTION FOR VIOLATION OF ICRAA**

As stated above, the distinguishing factor between a CR controlled by CCRAA and an ICR controlled by ICRAA is that a CR is a report that provides information "bearing on a consumer's credit worthiness, credit standing, or credit capacity, which is used…for the purpose of serving as a factor in establishing the consumer's eligibility for … hiring of a dwelling unit…" [*Civ. Code* § 1785.3(c)]. In contrast, an ICR is a report "in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means." [*Civ. Code* § 1786.2(c)]. CRs and ICRs are supposed to be mutually exclusive [See *Civ. Code* § 1785.3(c); *Civ. Code* § 1786.2(c); See *Ortiz v. Lyon Management Group, Inc.* (2007) 157 Cal.App.4th 604, 614-615 ("any one item of information may be classified as either creditworthiness or character information, **but not both**.")].

Here, the subject tenant screening report attached to the Complaint says nothing about, nor does it make any conclusion or deduction concerning, Plaintiff's "general reputation" (e.g, what people in the community think about Plaintiff), "character" (e.g., Plaintiff's moral fiber), "mode of living" (e.g., how Plaintiff supports himself) or other "personal characteristics" (e.g., Plaintiff's height, hair color, etc.). [See Complaint Exb. "1"]. As such, the subject tenant screening report is not an ICR and ICRAA has no application to this case. Any other finding by this Court would make ICRAA unconstitutionally vague and unenforceable (see argument below).

Since every cause of action alleged in the Complaint is wholly reliant upon the application of ICRAA, Plaintiff has thus failed to state any cause of action against TSP. Therefore, this Demurrer must be sustained without leave to amend.

1) **The Mere Presence Of Public Criminal And Civil Court Records Does Not Make A Tenant Screening Report An ICR, Or Else ICRAA Becomes Unconstitutionally Vague As A Matter of Law.**

As stated above, public criminal court records, like public unlawful detainer court records, are items of information that may be expressly included in a CR to determine a consumer's credit worthiness or capacity [see *Civ. Code* § 1785.13] as well as in an ICR to determine general reputation or character information [*Civ. Code* § 1786.18]. As such, the mere presence of such information in a tenant screening report (or lack thereof), without more, cannot be a determining factor as to whether

Jacobson, Russell, Saltz & Fingerman, LLP
10866 Wilshire Boulevard, Suite 1550  Los Angeles, CA 90024
Tel.: 310.446.9900 • Fax: 310.446.9909

Case No.: BC478220
File No.: 5.371.001

CCRAA or ICRAA govern the subject tenant screening report.[4] However, should this Court believe that public court records are inherently character/general reputation information, then the Appellate Courts have already determined that ICRAA is unconstitutionally vague and is otherwise void. [See *Trujillo v. First American Registry, Inc.* (2007) 157 Cal.App.4th 628, 640; *Ortiz v. Lyon Management Group, Inc.* (2007) 157 Cal.App.4th 604, 615-619].

Specifically, Appellate Courts have already held that ICRAA is unconstitutionally vague, and thus is unenforceable in its entirety, when public court unlawful detainer records are present in a tenant screening report.

> "the ICRAA is unconstitutionally vague as applied to tenant screening reports containing unlawful detainer information. The statute governs reports containing "information on a consumer's character, general reputation, personal characteristics, or mode of living ... obtained through any means." (§ 1786.2, subd. (c).) Plaintiffs asserts their tenant screening reports are subject to the ICRAA because they indicated unlawful detainer actions had been filed against them, and thus contained "character information."
>
> As we explain in a companion case, the ICRAA is unconstitutionally vague **because persons of reasonable intelligence cannot determine whether unlawful detainer information is character information subject to the ICRAA or creditworthiness information subject to the CCRAA.** (*Ortiz v. Lyon Management Group, Inc.* (2007) 157 Cal.App.4th 604 (*Ortiz*).) The Legislature intended to differentiate between character information and creditworthiness information, but ever since a 1998 ICRAA amendment, it is hopelessly uncertain on which side of the fence unlawful detainer information falls. (*Id.* at pp. 615–619.) Accordingly, defendant is entitled to summary adjudication on the ICRAA claims."

[*Trujillo v. First American Registry, Inc.* (2007) 157 Cal.App.4th 628, 640 (footnote omitted)].

With regard to unlawful detainer information, the Court in *Ortiz v. Lyon Management Group, Inc.* (2007) 157 Cal.App.4th 604 stated that such could arguable be classified as information on creditworthiness or character. [*Id.* at 617-619]. Despite this overlap, the Court stated that prior to the 1998 amendment, the distinction between a CR and an ICR was still clear because of the personal interview component. [*Id.* at 616]. However, when the legislature removed the personal interview component, it made ICRAA unconstitutionally vague [*Id.* at 617].

---

[4] By way of example, the reporting of the absence of unlawful detainer cases or criminal court cases, likewise, says nothing specifically about a person's character or general reputation. Yet reporting the absence of information is still information being reported. [See *Ortiz v. Lyon Management Group, Inc.* (2007) 157 Cal.App.4th 604, 612 fn.3]. However, there are plenty of bad people in this world that have never been a defendant in an eviction case or criminal matter, just like there are many good people in this world that have been a defendant in such cases due to being the victim of hard times or poor choices as an adolescent.

Jacobson, Russell, Saltz & Fingerman, LLP
10866 Wilshire Boulevard, Suite 1550 Los Angeles, CA 90024
Tel.: 310.446.9900 • Fax: 310.446.9909

Case No.: BC478220
File No.: 5.371.001

9

This statutory scheme—two separate statutes governing two kinds of tenant screening reports depending on the type of information they contain—indicates a legislative intent to distinguish between creditworthiness information and character information. (See *Dyna-Med*, *supra*, 43 Cal.3d at pp. 1386–1387 [statutes must be harmonized].) Nothing in the statutes suggests any *one* item of information may constitute *both* creditworthiness and character information such that it alone subjects a tenant screening report to *both* statutes. Rather, any one item of information may be classified as either creditworthiness or character information, **but not both**. Construing the two statutes to govern discrete items of information harmonizes the statutes, rather than collapsing them into one. (*Ibid.*)

While the statutes require a distinction between creditworthiness and character information, the line between the two is not readily apparent. On the one hand, a consumer's creditworthiness *itself* pertains to the consumer's character or personal characteristics. Creditworthiness is a personal attribute, the quality of being "financially sound enough that a lender will extend credit in the belief that the chances of default are slight; fiscally healthy." (Black's Law Dict. (7th ed. 1999) p. 377, col. 1.) Creditworthiness information is a *type* of character information. On the other hand, certain types of character information may also constitute creditworthiness information. Information that a consumer has the character traits or personal characteristics of (or a general reputation for) dishonesty, profligacy, carelessness, or absentmindedness would reasonably relate to the consumer's financial soundness, likelihood of default, or fiscal health. At least these types of character information pertain to the consumer's creditworthiness.

[*Id.* at 614-615 (italics in original)].   As such, the *Ortiz* Court concluded:

Our challenge arises not because unlawful detainer information is somehow paradoxical, but because the statutory scheme fails to set forth truly distinct categories. It presents a false dichotomy between creditworthiness and character. The ICRAA's nebulous reference to character information, as applied to tenant screening reports containing unlawful detainer information, is unconstitutionally vague.

[*Id.* at 612-613]

We are left with no rational basis to determine whether unlawful detainer information constitutes creditworthiness information subject to the CCRAA or character information subject to the ICRAA. We doubt any "person of ordinary intelligence" can do so either. (*Cranston*, *supra*, 40 Cal.3d at p. 763.) Rather, credit reporting agencies and landlords "must necessarily guess at [the ICRAA's] meaning and differ as to its application." (*Connally*, *supra*, 269 U.S. at p. 391.) Worse, landlords must make their guesses when they request tenant screening reports, *before* they learn whether the report will contain any unlawful detainer information or exactly what kind of unlawful detainer information it will include. (See § 1786.16 [listing conditions that must be met *before* procuring investigative consumer reports].)

The ICRAA thus fails to provide adequate notice to persons who compile or request tenant screening reports that may contain unlawful detainer information. (*Gallo*, *supra*, 14 Cal.4th at p. 1115 [noting "the core due process requirement of adequate *notice*"]; *Lockheed*, *supra*, 28 Cal.2d at p. 484 ["A statute should be sufficiently certain so that a person may know what is prohibited thereby and what may be done without violating its provisions …"].) The 1998 amendment rendered the ICRAA unconstitutional as applied to tenant screening reports containing unlawful detainer information. Accordingly, the court correctly granted summary judgment to defendant.

[*Id.* at 619 (italics in original)].

Case No.: BC478220
File No.: 5.371.001

10

Jacobson, Russell, Saltz & Fingerman, LLP
10866 Wilshire Boulevard, Suite 1550  Los Angeles, CA 90024
Tel.: 310.446.9900 • Fax: 310.446.9909

1      Criminal court records, like unlawful detainer information, may also hint toward a person's

2  credit capacity (e.g., the ability to get a job, the payment of criminal fines, the lack of a criminal

3  history, etc.) while also implying something about the person's character (e.g., dishonest, violent, etc.),

4  but not necessarily so. One would not know until after the requested report came back, which very well

5  may fail to contain any such information. However, it is exactly for this reason that the Court in *Ortiz*

6  found ICRAA to be unconstitutionally vague.

7      Therefore, for the exact same reason that the reporting of unlawful detainer court information

8  (or lack thereof) cannot be found to constitute an ICR, criminal court information (or the lack thereof)

9  likewise cannot alone implicate ICRAA. As such, Plaintiff has failed to state a single cause of action in

10  the Complaint against TSP, and this Demurrer should be sustained without leave to amend.

    **D. ALL ICRAA AND CCRAA STATUTES THAT IN ANY WAY RESTRICT THE**

11        **REPORTING OF TRUTHFUL PUBLIC RECORD INFORMATION IN ANY MANNER**
      **ARE UNCONSTITUTIONAL AS A MATTER OF LAW AND CANNOT BE THE**

12        **BASIS OF A VIOLATION OF ICRAA OR CCRAA.**

13      Plaintiff may try to argue that the reporting of a criminal court case that was ultimately

14  dismissed constitutes a violation of CCRAA as well [See *Civ. Code* § 1785.13(a)(6)], and as such,

15  Plaintiff should be given leave to amend to allege a CCRAA claim. This anticipated argument fails for

16  two distinct reasons: First, the criminal records at issue indicate that a conviction was obtained in both

17  criminal cases at issue; and second, any limitation on the reporting of any truthful information derived

18  from court records is unconstitutional as a matter of law.

19      To begin, reported Criminal Case 217842 did result in a conviction for which Plaintiff was

20  sentenced to 60 days in jail and 3 years of probation. The fact that certain counts were dismissed as

21  part of a plea deal is irrelevant: The entire case is reportable under *Civ. Code* § 1785.13(a)(6) since the

22  "case" resulted in a conviction.

23      Further, although the criminal case 188935 resulted in its ultimate dismissal, such dismissal

24  came 4 years after Plaintiff was charged with being under the influence of a controlled substance. As

25  such, the dismissal appears to be related to the successful completion of a standard 3-year probation

26  after a plea of guilty pursuant to *Penal Code* § 1203.4. Absent the application of *Penal Code* § 1203.4,

27  or some other similar statute, there can be no other plausible explanation as to why a constitutionally

28  time sensitive criminal case was dismissed 4 years after the misdemeanor charge was filed. As such,

Jacobson, Russell, Saltz & Fingerman, LLP
10866 Wilshire Boulevard, Suite 1550  Los Angeles, CA 90024
Tel.: 310.446.9900 • Fax: 310.446.9909

Case No.: BC478220
File No.: 5.371.001

11

1  said case surely resulted in a conviction, which according to *Civ. Code* § 1785.13(a)(6) only becomes

2  prohibited from being included in a CR upon a "full pardon" – not upon an ultimate dismissal pursuant

3  to a plea deal or *Penal Code* § 1203.4.

4      However, even if the dismissal of said criminal cases would make it not reportable under *Civ.*

5  *Code* § 1785.13(a)(6), the restrictions of reporting truthfully such public court records contained

6  therein are unconstitutional as a matter of law.

7      Specifically, in 1995, the Court of Appeal declared *Civ. Code* § 1785.13(a)(3) unconstitutional

8  to the extent it limited the information obtained from court records that a consumer reporting agency

9  may report regarding a tenant's involvement in an unlawful detainer action. [*U.D. Registry, Inc. v.*

10  *State of California* (1995) 34 Cal.App.4th 107, 116]. The Court stated:

11      Concern about the availability of rental housing for those needing housing, and particularly
     those facing eviction, is a valid and significant state interest. But **it does not justify a ban on**

12      **publication by credit reporting agencies of lawfully obtained truthful information**
     **contained in court records open to the perusal of everyone.** The information is in the

13      custody of the state. If the state is concerned about dissemination of this information, it has
     the power to control its initial release. As explained in *Florida Star, supra*, the government

14      may classify the information, establish procedures for its redacted release, and extend a
     damages remedy against the government if the government's mishandling of sensitive

15      information leads to its dissemination. **"Where information is entrusted to the**
     **government, a less drastic means than punishing truthful publication almost always**

16      **exists for guarding against the dissemination of private facts."** ( 491 U.S. at p. 534 [105

17      L. Ed. 2d at pp. 455-456].)

18      Section 1785.13, subdivision (a)(3) contains the same flaw found in the *Daily Mail* and
     *Florida Star* cases--the restriction against dissemination is limited to one type of publication,

19      thereby failing to achieve its purpose of protecting the subject from other modes of broadcast
     of the same information. In *Daily Mail*, the restriction applied only to newspapers; in *Florida*

20      *Star*, it applied only to "any instrument of mass communication"; in our case, the restriction
     applies only to consumer credit reporting agencies. In all three instances, the information can

21      be disseminated in countless other ways. **No justification is advanced for limiting one**
     **form of dissemination while permitting broadcast of the same information by other**

22      **methods.**
     [*Id.* at 114 -115].

23
24      As suggested by several of the opinions we have discussed, there are any number of things
     the state may lawfully do to protect renters who are subject to or who have suffered an

25      eviction. What it cannot do is to act in violation of the Constitution. That is the effect of
     section 1785.13, subdivision (a)(3), the statute before us. We conclude it violates the First

26      Amendment, and therefore is unconstitutional. The trial court was right to so declare.
     [*Id.* at 116].

27      Likewise, in *U.D. Registry v. State of California* (2006) 144 Cal.App.4th 405, the Appellate

28  Court found that any prohibition or curtailment in CCRAA (and specifically *Civ. Code* § 1785.11.2

Jacobson, Russell, Saltz & Fingerman, LLP
10866 Wilshire Boulevard, Suite 1550  Los Angeles, CA 90024
Tel.: 310.446.9900 • Fax: 310.446.9909

Case No.: BC478220
File No.: 5.371.001

DEMURRER TO COMPLAINT FOR DAMAGES

that prohibited the reporting of any information, including public court record information such a criminal reports) that in anyway interfered with the truthful reporting of public court records by a tenant screening company *in any manner* was inherently unconstitutional, especially since public court records are readily available to all members of the public through a multitude of other sources.

> We conclude that section 1785.11.2 is unconstitutional as applied to plaintiff who, the agreed facts prove, provides credit reports **drawn in material part from public records including court documents**.

[*Id.* at 410 (emphasis added)].

> Defendants do not dispute that section 1785.11.2 prevents plaintiff from disseminating information about unlawful detainer, bankruptcy, tax lien, foreclosure, **and other public proceedings against individuals**; all of it secured from public records. The bulk of the sources of records referred to on plaintiff's Web site are **publicly produced documents**. Nor do defendants dispute the public nature of that information; **it is available to members of the public without resort to plaintiff's reports**. Moreover, preventing plaintiff from disseminating *all* of the public record information does not serve the asserted state interest. The knowledge that an individual has been the subject of an unlawful detainer action by a lessor, a tax lien imposed by the government, or a foreclosure action by a lender does not facilitate identity theft. Even if that information could be of some use to a potential identity thief, **it would be available without resort to plaintiff's credit reports**.

[*Id.* at 424-425 (emphasis added)].

As held by both *U.D. Registry* cases above, there can be no compelling state interest in suppressing the truthful reporting by tenant screening companies of any information derived from public court records. Thus, case law has consistently held that regardless of whether Plaintiff attempts to apply the restrictions set forth in ICRAA or CCRAA that in any way curtail a tenant screening company's reporting of public court records available to the public through a multitude of other sources (i.e., criminal court case information), such restrictions are unconstitutional as a matter of law and cannot be legally enforced by any Court in this State.

Therefore, as Plaintiff's complaint is entirely based on unconstitutional statutes prohibiting the reporting of certain public court case information, and as any potential amendment to the Complaint would likewise seek an unconstitutional restriction on the reporting of public court case information, Plaintiff has failed to plead a single cause of action in the operative complaint. As such, this Demurrer must be sustained without leave to amend.

Jacobson, Russell, Saltz & Fingerman, LLP
10866 Wilshire Boulevard, Suite 1550  Los Angeles, CA 90024
Tel.: 310.446.9900 • Fax: 310.446.9909

Case No.: BC478220
File No.: 5.371.001

DEMURRER TO COMPLAINT FOR DAMAGES

### E.  PLAINTIFF LACKS STANDING TO BRING A UBP CLAIM.

#### 1) Since The ICRAA Does Not Apply To This Case, No Violation of Any Statue Has Been Alleged.

A UBP claim requires an independent violation of law. [*Kasky v. Nike, Inc.* (2002) 27 Cal.4th 939, 949]. An unlawful business activity includes anything that can properly be called a business practice and that at the same time is forbidden by law. [*Korea Supply Co. v. Lockheed Martin Corp.* (2003) 29 Cal.4th 1134, 1143]. In essence, an action based on UBP under the "unlawful" prong borrows violations of other laws by making them independently actionable as unfair competitive practices. [*Id*].

The Complaint specifically states that the UBP causes of action are exclusively relying upon its previous allegations involving alleged ICRAA violations. However, as stated above, ICRAA has no legal application in this case. Thus, as a matter of law, no violation of law has been pled, and Plaintiff's UBP claims must be dismissed. [See *Ortiz v. Lyon Management Group, Inc.* (2007) 157 Cal.App.4th 604, 619 fn. 12 ("Plaintiff asserted the ICRAA violations also violated the unfair competition law. (Bus. & Prof. Code, § 17200.) Because Plaintiff's unfair competition claim piggybacks on her ICRAA claim, the court correctly granted summary judgment on it as well.")].

#### 2) No Money Or Property Subject To Restitution Has Been Alleged To Establish Standing To Plead A UBP Claim.

Despite the fact that Plaintiff has failed to establish that any law has been violated, Plaintiff has also failed to plead that he has proper standing to assert a UBP claim because he has not lost any money or property to TSP subject to disgorgement.

"Proposition 64 restricted standing to assert a [UBP] cause of action to plaintiffs " 'who [have] suffered injury in fact and [have] lost money or property as a result of such unfair competition.' " (*Californians for Disability Rights v. Mervyn's, LLC* (2006) 39 Cal.4th 223, 228 (*Californians for Disability Rights*) [discussing Prop. 64's amendment to Bus. & Prof. Code, § 17204].)" [*Trujillo v. First American Registry, Inc.* (2007) 157 Cal.App.4th 628, 639].

"Because remedies for individuals under the [unfair competition law] are restricted to injunctive relief and restitution, the import of the [Business and Professions Code section 17204 loss of money or property] requirement is to limit standing to individuals who suffer losses of money or property that are eligible for restitution." (Buckland v. Threshold Enterprises, Ltd., supra, 155 Cal.App.4th at p. 817; see Walker v. USAA Cas. Ins. Co. (E.D.Cal. 2007) 474 F.Supp.2d 1168, 1172.) As Citizens could not allege having suffered losses which would entitle it to restitution, it has no standing to pursue a cause of action for unfair competition.

Jacobson, Russell, Saltz & Fingerman, LLP
10866 Wilshire Boulevard, Suite 1550 Los Angeles, CA 90024
Tel.: 310.446.9900 • Fax: 310.446.9909

Case No.: BC478220
File No.: 5.371.001

DEMURRER TO COMPLAINT FOR DAMAGES

1   [*Citizens of Humanity, LLC v. Costco Wholesale Corp.* (2009) 171 Cal.App.4th 1, 22-23 (emphasis
2   added)].

3        Here, Plaintiff claims he was denied housing by his application being denied.   [Complaint ¶
4   29].  However, because Plaintiff had to apply to be accepted into said housing, the housing was not his
5   to lose, and as such had no entitlement to it.

6        Further, the only other monetary damages Plaintiff claims to have suffered are the "time,
7   money, and energy to clean up after Defendant's errors." [Complaint ¶ 4]. But Plaintiff fails to allege
8   that any of that money was given directly by Plaintiff to TSP. As such, Plaintiff has lost no moneys
9   subject to the remedy of restitution. Further, Plaintiff cannot seek restitution of TSP's profits either,
10  despite demanding same in the Complaint [See Complaint ¶¶ 47,53]. A defendant cannot be ordered to
11  disgorge profits to an individual plaintiff if those profits were not taken from the plaintiff or if the
12  plaintiff does not otherwise have an ownership interest in those profits, because disgorgement of
13  profits in the absence of an ownership interest by the plaintiff goes beyond the restitution that is
14  authorized by the statute [*Korea Supply Co. v. Lockheed Martin Corp.* (2003) 29 Cal.4th 1134, 1144-
15  1148; *see also Reid v. Google, Inc.* (2007) 155 Cal.App.4th 1342, 1351].

16       Thus, in addition to all of the other deficiencies identified in Plaintiff's Complaint, Plaintiff has
17  failed to allege proper standing to assert a UBP claim. As such, this Demurrer should be sustained
18  without leave to amend.

**3.   CONCLUSION**

19       For the reasons stated herein, Plaintiff has failed to allege any cause of action against TSP.
20  Thus, TSP respectfully requests that this Demurrer be sustained without leave to amend.

21  Dated: March 7, 2012        **Jacobson, Russell, Saltz & Fingerman LLP**

22

23

24                  Michael J. Saltz, Esq.
                   Attorneys for Defendant The Screening Pros, LLC

25

26

27

28

*Left margin:* Jacobson, Russell, Saltz & Fingerman, LLP
10866 Wilshire Boulevard, Suite 1550   Los Angeles, CA 90024
Tel.: 310.446.9900 • Fax: 310.446.9909

Case No.:  BC478220
File No.:  5.371.001

15

# EXHIBIT "5"

1  THE LAW OFFICES OF DEVIN H. FOK
   Devin H. Fok, Esq. (SBN #256599)
2  P.O. Box 7165
3  Alhambra, CA 91802-7165
   Ph: (310) 430-9933
4  Fax: (323) 563-3445
5  devin@devinfoklaw.com

6  A NEW WAY OF LIFE REENTRY PROJECT
7  Joshua E. Kim, Esq. (SBN #257260)
   P.O. Box 875288
8  Los Angeles, California 90087
9  Ph: (323) 563-3575
   Fax: (323) 563-3445
10 joshua@anewwayoflife.org
11
12 Attorneys for Plaintiff
   GABRIEL FELIX MORAN
13

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

**JUN 0 7 2012**

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Shaunya Wesley

14
15              SUPERIOR COURT OF THE STATE OF CALIFORNIA
16                        COUNTY OF LOS ANGELES
17
                                    )  CASE NO. BC478220
18                                  )
                                    )  HON. STEVEN J. KLEIFIELD
19                                  )
20  GABRIEL FELIX MORAN,            )  FIRST AMENDED COMPLAINT FOR
                                    )  DAMAGES FOR VIOLATIONS OF:
21          Plaintiff,              )
                                    )    1.  15 U.S.C. §1681c
22                                  )    2.  15 U.S.C. §1681e
23      vs.                         )    3.  15 U.S.C. §1681i(a)
                                    )    4.  Cal. Civ. Code §1786.18
24                                  )    5.  Cal. Civ. Code §1786.20
25  THE SCREENING PROS, LLC, a California )  6.  Cal. Civ. Code §1786.24
    corporation; and DOES 1-10 inclusive, )  7.  Cal. Civ. Code §1786.12(e)
26                                  )    8.  Cal. Civ. Code §1786.28(a)
27          Defendants.             )    9.  Cal. Civ. Code §1786.29(a) and (b)
                                    )   10.  Unlawful Business Practices Pursuant
28                                  )        to Bus. & Prof. Code §17200 et seq.
                                    )   11.  Unfair Business Practice Pursuant to
29                                  )        Bus. & Prof. Code §17200 et seq.
30                                  )
                                    )  JURY TRIAL DEMANDED
31                                  )
32

Plaintiff GABRIEL FELIX MORAN (hereafter as "Plaintiff") complains against Defendants THE SCREENING PROS, LLC. (hereafter as Defendant "TSP"); and DOES 1-10 inclusive, and alleges as follows:

## NATURE OF THE ACTION

1.  People with conviction history face substantial barriers to reentry, including denial of housing, which impedes their rehabilitative efforts.[1] "A reciprocal relationship exists between incarceration and homelessness."[2] And "the ability to access safe and secure housing within the community is crucial to their successful reentry."[3] However, some studies show that a prior incarceration rate among the homeless population is almost 50%.[4]

2.  This wide discrimination against people with conviction history, antithetical to the important public interest in their successful reentry, is due in part to routine background checks run by private housing providers and a giant commercial industry that has emerged to fulfill this demand for housing background checks.

3.  As Congress stated under 15 U.S.C. §1681(a):

***

(2) An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.

(3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.

---

[1]  A letter from the Secretary of the U.S. Dep't of Housing and Urban Development, *available at* http://www.nationalreentryresourcecenter.org/documents/0000/1344/3.30.12_MFamily_properties_Reentry_memo_6__2_.pdf (last visited on June 6, 2012).

[2] *,Reentry in Brief*, Federal Interagency Reentry Council (May 2011), *at* p.11, *available at* http://www.nationalreentryresourcecenter.org/documents/0000/1059/Reentry_Brief.pdf (last visited on June 6, 2012),

[3]  *Reentry Housing Options: The Policy Makers' Guide*, Council of State Governments Justice Center (2010), *at* p.vii, *available at* http://reentrypolicy.org/jc_publications/reentry-housing-options/Reentry_Housing_Options.pdf (last visisted on June 6, 2012).

[4]  *See Metraux & Culhane, Homeless Shelter Use and Reincarceration Following Prison Release: Assessing the Risk*, 3 Criminology & Public Policy 139 (2004).

8. Here, Defendant TSP issued reports relating to credit, unlawful detainer, and criminal history. The central issues in this litigation are the various statutory violations relating to the criminal history report on Plaintiff, issued by Defendant TSP.

9. Criminal history reports are regulated under the ICRAA because they are reports that bear on a consumer's character, general reputation, personal characteristics, or mode of living that are not limited to specific factual information relating to a consumer's credit record or manner of obtaining credit obtained directly from a creditor of the consumer or from a consumer reporting agency when that information was obtained directly from a potential or existing creditor of the consumer or from the consumer within the meaning of Cal. Civ. C. §1786.2(c).

10. Both the FCRA and the ICRAA requires a background check company to follow extremely stringent procedures to ensure that whenever criminal history information is reported, it is relevant, accurate, complete, and up to date.

11. Obsolete or irrelevant criminal records information is prohibited from disclosure. This is to alleviate the stigmatization and the negative collateral consequences of old and dated criminal convictions and to promote successful reentry and rehabilitation of people with criminal records.

12. Under the FCRA, a background check company is prohibited from reporting arrests that did not result in conviction that antedate the report by more than 7 years. (15 U.S.C. §1681c(a)). ICRAA extends this prohibition to all arrests that did not result in conviction regardless of the age of the conviction. (Cal. Civ. C. §1786.18(a)). Moreover, under both statutes and with limited exceptions, any other adverse information that antedate the report by more than 7 years cannot be reported. (See 15 U.S.C. §1681c(a); Cal. Civ. C. §1786.18(a)).

13. In addition to the prohibition in reporting obsolete criminal history information, strict disclosure requirements are mandated under both statutes. The idea is to inform the consumer that he or she is entitled to a copy of the report, to allow the consumer an opportunity verify the accuracy of the information reported, and to dispute any information that is inaccurate, incomplete, and/or not up to date. (Cal Civ. C. §§1786.28(a); 1786.29).

14. Upon a written dispute, the background check company is required to reinvestigate and record the current status of the disputed information or delete the item from the file within 30-days following the receipt of the dispute. (Cal. Civ. C. §1786.24(a); 15 U.S.C. §1681i).

15. Defendant TSP failed to abide by the restrictions and requirements set forth therein and routinely provide screening reports and engage in practices that violate various provisions of these governing statutes, including reporting dismissed charges that never resulted in conviction,

1  failing to provide required notices, and failing to reinvestigate submitted disputes relating to the

2  accuracy and completeness of the information reported.

3      16. Defendant TSP's violations, on information and belief, occur because Defendant TSP has

4  failed to properly apprise itself of statutory mandates before issuing background check reports,

5  failed to implement reasonable procedures to avoid the release of prohibited information, failed

6  to implement reasonable procedures to assure maximum possible accuracy of the information

7  contained in its reports; and failed to institute proper procedures to investigate disputed

8  information.

9      17. As a result of Defendant TSP's wrongful acts and omissions, Plaintiff has been injured,

10  including, without limitation, by virtue of having lost housing opportunities and by having been

11  forced to spend time, money, and energy to clean up after Defendant's errors.

12      18. Plaintiff seeks actual and/or compensatory damages, punitive damages, and equitable

13  relief, including costs and expenses of litigation, including attorney's fees, and appropriate

14  injunctive relief requiring Defendant to comply with its legal obligations, as well as additional

15  and further relief as may be appropriate. Plaintiffs reserve the right to amend this Complaint to

16  add additional relief as permitted under applicable law.

17

18                      **THE PARTIES**

19

20      19. Plaintiff is, and at all times relevant herein was, a resident of Alameda County,

21  California.

22      20. Defendant TSP, is and at all times herein mentioned was, a California corporation with a

23  principal place of business in Los Angeles County, California.

24      21. Defendant TSP is an entity regulated under both the FCRA and the ICRAA.

25      22. For purposes of the FCRA, Defendant TSP is a "consumer reporting agency" as defined

26  under 15 U.S.C. §1681a(f) because it is a "person which, for monetary fees, dues…regularly

27  engages in whole or in part in the practice of assembling or evaluating consumer credit

28  information or other information on consumers for the purpose of furnishing consumer reports to

29  third parties, and which uses any means or facility of interstate commerce for the purpose of

30  preparing or furnishing consumer reports."

31      23. A "consumer report" is "any written, oral, or other communication of any information by

32  a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit

capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for...credit or...household purposes...or any other purpose authorized under section 1681b of this title." (15 U.S.C. §1681a(d)).

24. For purposes of the ICRAA, Defendant TSP is an "investigative consumer reporting agency" as defined under Cal. Civ. C. §1786.2(d) because it is a "person who, for monetary fees or dues, engages in whole or in part in the practice of collecting, assembling, evaluating, compiling, reporting, transmitting, transferring, or communicating information concerning consumers for the purposes of furnishing investigative consumer reports to third parties..."

25. An investigative consumer report is "a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means [except] a consumer report or other compilation of information that is limited to specific factual information relating to a consumer's credit record or manner of obtaining credit obtained directly from a creditor of the consumer or from a consumer reporting agency when that information was obtained directly from a potential or existing creditor of the consumer or from the consumer..." (Cal. Civ. C. §1786.2(d)).

26. Defendant TSP's reports, including the background check report at issue in the present case, contain background information on consumer regarding their general reputation, character, mode of living or other personal characteristics. Among other things, Defendant TSP's reports typically include information regarding criminal histories.

27. Defendant TSP sells background check reports to, among others, prospective landlords.

28. Plaintiff is ignorant of the Defendants sued herein as DOES 1-10, inclusive, and therefore sues those Defendants by such capacities when such information is ascertained.

29. Plaintiff is informed and believes and thereon alleges that each of the Doe Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were proximately caused by such occurrences.

30. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Defendants DOES 1-10, were agents of each other and of the named Defendant and in doing the things alleged in this complaint, were acting in the scope of such agency and with the permission and consent of Defendants.

## VENUE

31. Venue and jurisdiction are proper in this court pursuant to California code of Civil Procedure Sections 395 and 395.5. Defendant's principal place of business is in Los Angeles County, California.

## GENERAL ALLEGATIONS

32. Plaintiff hereby incorporates by reference the allegation of paragraphs 1-30, inclusive.

33. On or about February 5, 2010, Plaintiff applied for housing with the subject affordable housing development project named MAPLE SQUARE owned and operated by AFFIRMED HOUSING GROUP (hereafter collectively as "MAPLE SQUARE").

34. Plaintiff is informed and believes that MAPLE SQUARE, as part of the application assessment process, requested that Defendant TSP furnish a consumer report within the meaning of 15 U.S.C. §1681a(d) and/or an investigative consumer report as defined in Civ. Code §1786.2(c) on Plaintiff (collectively as "background check report").

35. On or about February 5, 2010,   Defendant TSP furnished a background check report on Plaintiff to MAPLE SQUARE (hereafter as "the subject report"). The subject report is attached as Exhibit "1" to this Complaint.

36. Defendant's report contains information on Case No. 188935 relating to a May 16, 2000 arrest for "under the influence of a controlled substance." Plaintiff was never convicted of this crime.

37. Both the FCRA and the ICRAA prohibit the reporting of this case because it is outdated, obsolete, and irrelevant.

38. Under the FCRA, 15 U.S.C. §1681c(a)(2), and (5), any adverse item of information including records of arrest that are older than seven years cannot be reported. Under the ICRAA, Cal. Civ. C. §1786.18(a)(7) and (8) any records of arrest that did not result cannot be reported regardless of its age.

39. Defendant clearly disclosed the arrest date as May 16, 2000 which is more than 7 years from the date of the report violating the FCRA. Moreover, because the arrest also did not result in conviction, the disclosure of which also violates the ICRAA.

40. Moreover, due to tis age, Alameda County Superior Court – Fremont Hall of Justice had long purged and destroyed the court records relating to this case. Plaintiff is informed and

1  believes that the records were purged and/or destroyed prior to the date of the issuance of the

2  subject report.

3      41. Under both the FCRA (15 U.S.C. §1681e(b)) and the ICRAA (Cal. Civ. C. §1786.20(b)),

4  a background check company "shall follow *reasonable procedures to assure maximum possible*

5  *accuracy of the information* concerning the individual about whom the report relates." (The

6  statutory language is identical under both the FCRA, and the ICRAA).

7      42. Further under the ICRAA, Cal. Civ. C. §1786.18(c), a background check company such

8  as Defendant TSP must verify the accuracy of the information during the 30-day period ending

9  on the date on which the report is furnished. Under Cal. Civ. C. §1786.24(e), if the accuracy of

10  the information cannot be verified, the background company must "*promptly delete that*

11  *information...*"

12      43. The FCRA also has a similar requirement under 15 U.S.C. §1681i(a)(3)(A) where

13  unverifiable information cannot be reported and must be promptly deleted when disputed.

14      44. In clear violation of the above-described statutes, Defendant TSP did not and does not

15  use reasonable procedures to assure the maximum possible accuracy of the information reported.

16  Defendant TSP reported and routinely reports criminal history information without verification

17  of the accuracy of the reported information *prior* to its disclosure. In fact, Defendant TSP did not

18  obtain and currently does not possess any court records from the Alameda County Superior

19  Court.

20      45. Alameda County Superior Court – Fremont Hall of Justice is the original source of the

21  proceedings related to the subject case. Since the court has purged and/or destroyed the

22  underlying records related to this case, the parties, this Court, as well as the recipient of the

23  subject background check report cannot verify the accuracy of the information reported and the

24  reporting of the same violates Plaintiff's rights under the FCRA and the ICRAA.

25      46. Defendant's report also contains information on Case No. 217842 where it discloses the

26  following charges that did not result in a conviction: "CT1: Burglary 2nd Degree" and "CT2:

27  Forgery."

28      47. Defendant flooded the report with dismissed criminal charges when in fact, the only

29  reportable conviction was count 3 of Case No. 217842 for petty theft of a dependent adult.

30      48. Due to the prohibited information disclosed in the subject report, MAPLE SQUARE

31  denied Plaintiff's rental application, and Plaintiff is entitled to damages pursuant to Cal. Civ.

32  Code § 1786.50(a), (b).

49. Subsequent to the denial of his rental application, Plaintiff sought assistance from the East Bay Community Law Center ("EBCLC"). On or about November 9, 2011, EBCLC submitted a written dispute to Defendant TSP disputing the inclusion of Case No. 188935 and the two dismissed counts in Case No. 217842 in the subject report.

50. Under both the FCRA (15 U.S.C. §1681i(a)(1)(A)), and the ICRAA (Cal. Civ. C. §1786.24(a)), a background check company is required to, among other obligations, conduct a full and complete investigation within 30-days of receipt of the dispute.

51. Defendant was well-aware of this requirement but wholly failed to abide by it. Defendant wholly failed to respond to the November 9, 2011 written dispute from EBCLC and failed to investigate the claim. To date, Plaintiff has failed to receive any response concerning the investigation relating to Plaintiff's dispute. Plaintiff is left without recourse except to initiate this civil action.

52. The availability of affordable housing such as those offered by MAPLE SQUARE is limited. Defendant TSP's report which contains unverifiable information; it is not maximally accurate; it is flooded with dismissed charges and it is therefore misleading negatively and substantially affected Plaintiff's ability to obtain affordable housing. Defendant TSP continues to jeopardize Plaintiff's future ability to obtain affordable housing by its failure and continue to failure to resolve Plaintiff's dispute and update its system and  issue a new report to MAPLE SQUARE omitting the unverifiable, inaccurate, and misleading information as described above.

53. Plaintiff seeks statutory and/or actual damages from Defendant as provided under 15 U.S.C. §§1681n and o and Cal. Civ. C. §1786.50.

## FIRST CAUSE OF ACTION

### (Violation of the Fair Credit Reporting Act, 15 U.S.C §1681c(a))

54. Plaintiff hereby incorporates by reference the allegations of paragraphs 1-53, inclusive.

55. Defendant is, and at all times herein mentioned was, a consumer reporting agency engaged in the practice of assembling and evaluating information on consumers for the purpose of furnishing investigative consumer reports to third parties for monetary fees.

56. Upon information and believe, Defendant furnished to a third party consumer reports pertaining to Plaintiff.

57. Defendant's report about Plaintiff contains records of arrest and other adverse information that antedate the date of the report by more than 7 years in violation of 15 U.S.C. §§1681c(a)(2) and (5).

58. At the time the report was made, Defendant was aware of the FCRA's prohibition against disclosure of the prohibited information and also aware that its report to MAPLE SQUARE included such prohibited information. Statutory references to the subject prohibition were made on its own website informing its customers that certain criminal records may not be reportable. Defendant disregarded its own obligations and reported the prohibited information on Plaintiff's investigative consumer report to MAPLE SQUARE.

59. Plaintiff was harmed and suffered actual damages as a direct legal, proximate, and foreseeable result of Defendant's violations.

60. Defendant's violations were willful and/or grossly negligent because Defendant was aware of its obligations under the FCRA but nonetheless consciously elected to disregard its obligations.

## SECOND CAUSE OF ACTION

### (Violation of the Fair Credit Reporting Act, 15 U.S.C §1681e)

61. Plaintiff hereby incorporates by reference the allegations of paragraphs 1-53, inclusive.

62. Defendant is, and at all times herein mentioned was, a consumer reporting agency engaged in the practice of assembling and evaluating information on consumers for the purpose of furnishing investigative consumer reports to third parties for monetary fees.

63. Upon information and belief, Defendant also has not, and currently does not maintain reasonable procedures designed to avoid violations of 15 U.S.C. §1681c of the FCRA and it is accordingly in violation of 15 U.S.C. §1681e.

64. Upon information and belief, Defendant also does not follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

65. Defendant's violations were willful and/or grossly negligent because Defendant was aware of its obligations under the FCRA but nonetheless consciously elected to disregard its obligations.

# THIRD CAUSE OF ACTION

## (Violation of the Fair Credit Reporting Act 15 U.S.C §1681i)

66. Plaintiff hereby incorporates by reference the allegations of paragraphs 1-53, inclusive.

67. Defendant is, and at all times herein mentioned was, a consumer reporting agency engaged in the practice of assembling and evaluating information on consumers for the purpose of furnishing investigative consumer reports to third parties for monetary fees.

68. Upon information and belief, Defendant also has not, and currently does not maintain reasonable procedures to resolve consumer disputes as required under 15 U.S.C. §1681i.

69. Specifically, Defendant failed to conduct any reinvestigation as mandated under 15 U.S.C. §§1681i(a)(1)(A) and (B); failed to promptly notify any person who provided any item of information in dispute as mandated under 15 U.S.C. §§1681i(a)(2)(A) and (B); failed to provide Plaintiff with a notice of determination and/or reinvestigation as mandated under 15 U.S.C. §§1681(a)(3) and (6); failed to promptly delete or modify inaccurate or unverifiable information as mandated by 15 U.S.C. §1681i(a)(5); failed to maintain an automated system through which furnishers of information to Defendant may report the results of a reinvestigation that finds incomplete, inaccurate, or unverifiable information; failed to provide a description of reinvestigation procedure as mandated under 15 U.S.C. §1681i(a)(7) ; failed to notify the fact of the dispute pursuant to 15 U.S.C. §1681i(c), and failed to notify the recipient of the subject report relating to the deletion of disputed information pursuant to 15 U.S.C. §1681i(d).

70. Defendant's violations were willful and/or grossly negligent because Defendant was aware of its obligations under the FCRA but nonetheless consciously elected to disregard its obligations.

# FOURTH CAUSE OF ACTION

## (Violation of the California Investigative Consumer Reporting Agencies Act, Cal. Civ. C. §1786.18)

71. Plaintiff hereby incorporates by reference the allegations of paragraphs 1-53, inclusive.

72. Defendant is, and at all times herein mentioned was, a consumer reporting agency engaged in the practice of assembling and evaluating information on consumers for the purpose of furnishing investigative consumer reports to third parties for monetary fees.

73. Upon information and believe, Defendant furnished to a third party consumer reports pertaining to Plaintiff.

74. Defendant's report about Plaintiff contains records of arrest that did not result in conviction and other adverse information that antedate the date of the report by more than 7 years in violation of Cal. Civ. C. §1786.18(a)(7) and (8).

75. At the time the report was made, Defendant was aware of the ICRAA's prohibition against disclosure of the prohibited information and also aware that its report to MAPLE SQUARE included such prohibited information. Statutory references to the subject prohibition were made on its own website informing its customers that certain criminal records may not be reportable. Defendant disregarded its own obligations and reported the prohibited information on Plaintiff's investigative consumer report to MAPLE SQUARE.

76. Plaintiff was harmed and suffered actual damages as a direct legal, proximate, and foreseeable result of Defendant's violations.

77. Defendant's violations were willful and/or grossly negligent because Defendant was aware of its obligations under ICRAA but nonetheless consciously elected to disregard its obligations.

## FIFTH CAUSE OF ACTION

### (Violation of the California Investigative Consumer Reporting Agencies Act Cal. Civ. C. §1786.20)

78. Plaintiff hereby incorporates by reference the allegations of paragraphs 1-53, inclusive.

79. Defendant is, and at all times herein mentioned was, a consumer reporting agency engaged in the practice of assembling and evaluating information on consumers for the purpose of furnishing investigative consumer reports to third parties for monetary fees.

80. Upon information and belief, Defendant also has not, and currently does not maintain reasonable procedures designed to avoid violations of Cal. Civ. C. §1786.18 of the ICRAA and it is accordingly in violation of Cal. Civ. C. §1786.20(a).

81. Upon information and belief, Defendant also not follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates and it is in violation of Cal. Civ. C. §1786.20(b).

82. Defendant's violations were willful and/or grossly negligent because Defendant was aware of its obligations under the ICRAA but nonetheless consciously elected to disregard its obligations.

## SIXTH CAUSE OF ACTION

**(Violation of the California Investigative Consumer Reporting Agencies Act Cal. Civ. C. §1786.24)**

83. Plaintiff hereby incorporates by reference the allegations of paragraphs 1-53, inclusive.

84. Defendant is, and at all times herein mentioned was, an investigative consumer reporting agency engaged in the practice of assembling and evaluating information on consumers for the purpose of furnishing investigative consumer reports to third parties for monetary fees.

85. Upon information and belief, Defendant also has not, and currently does not maintain reasonable procedures to resolve consumer disputes as required under Cal. Civ. C. §1786.24.

86. Specifically, Defendant failed to conduct any reinvestigation as mandated under Cal. Civ. C. §1786.24(a); failed to promptly notify any person who provided any item of information in dispute as mandated under Cal. Civ. C. §1786.24(b); failed to provide Plaintiff with a notice of determination and/or reinvestigation as mandated under Cal. Civ. C. §§1786.24(d) and (g); failed to promptly delete or modify inaccurate or unverifiable information as mandated by Cal. Civ. C. §1786.24(e); failed to maintain an automated system through which furnishers of information to Defendant may report the results of a reinvestigation that finds incomplete, inaccurate, or unverifiable information as mandated by Cal. Civ. C. §1786.24(n); failed to provide a description of reinvestigation procedure as mandated under Cal. Civ. C. §1786.24(g) ; failed to notify the fact of the dispute pursuant to Cal. Civ. C. §1786.24(j) , and failed to notify the recipient of the subject report relating to the deletion of disputed information pursuant to Cal. Civ. C. §1786.24(k).

87. Defendant's violations were willful and/or grossly negligent because Defendant was aware of its obligations under the ICRAA but nonetheless consciously elected to disregard its obligations.

//
//
//

## SEVENTH CAUSE OF ACTION

**(Violation of the California Investigative Consumer Reporting Agencies Act Cal. Civ. C. §1786.12(e))**

88. Plaintiff hereby incorporates by reference the allegations of paragraphs 1-50, inclusive.

89. Defendant is, and at all times herein mentioned was, an investigative consumer reporting agency engaged in the practice of assembling and evaluating information on consumers for the purpose of furnishing investigative consumer reports to third parties for monetary fees.

90. Upon information and belief, Defendant also has not, and currently does not obtain the proper certification under Cal. Civ. C. §1786.12(e) prior to issuing an investigative consumer report.

91. Defendant's violations were willful and/or grossly negligent because Defendant was aware of its obligations under the ICRAA but nonetheless consciously elected to disregard its obligations.

## EIGHTH CAUSE OF ACTION

**(Violation of the California Investigative Consumer Reporting Agencies Act Cal. Civ. C. §1786.28)**

92. Plaintiff hereby incorporates by reference the allegations of paragraphs 1-53, inclusive.

93. Defendant is, and at all times herein mentioned was, a consumer reporting agency engaged in the practice of assembling and evaluating information on consumers for the purpose of furnishing investigative consumer reports to third parties for monetary fees.

94. Upon information and belief, Defendant also has not, and currently does not disclose the source from which the consumer information was obtained including the *particular court* and the date that the information was initially reported or publicized.

95. Defendant's violations were willful and/or grossly negligent because Defendant was aware of its obligations under the ICRAA but nonetheless consciously elected to disregard its obligations.

//
//
//

## NINTH CAUSE OF ACTION

### (Violation of the California Investigative Consumer Reporting Agencies Act Cal. Civ. C. §1786.29)

96. Plaintiff hereby incorporates by reference the allegations of paragraphs 1-50, inclusive.

97. Defendant is, and at all times herein mentioned was, a consumer reporting agency engaged in the practice of assembling and evaluating information on consumers for the purpose of furnishing investigative consumer reports to third parties for monetary fees.

98. Upon information and belief, Defendant also has not, and currently does not provide the following notices on the first page of an investigative consumer report including the subject report:

    a. A notice in at least 12-point boldface type setting forth that the report does not guarantee the accuracy or truthfulness of the information as to the subject of the investigation, but only that it is accurately copied from public records, and information generated as a result of identity theft, including evidence of criminal activity may be inaccurately associated with the consumer who is the subject of the report.

    b. An investigative consumer reporting agency shall provide a consumer seeking to obtain a copy of a report or making a request to review a file, a written notice in simple, plain English and Spanish setting forth the terms and conditions of his or her right to receive all disclosures, as provided in Section 1786.26.

99. Defendant's violations were willful and/or grossly negligent because Defendant was aware of its obligations under the ICRAA but nonetheless consciously elected to disregard its obligations.

## TENTH CAUSE OF ACTION

### (Violation of California B&P §17200 *et seq.*)

100. Plaintiffs hereby incorporates by reference the allegations of paragraphs 1 - 53, inclusive.

101. Defendant is, and all times herein mentioned was, an investigative consumer reporting agency engaged in the business and practice of assembling and evaluating information

1   on consumers for the purpose of furnishing investigative consumer reports to third parties for

2   monetary fees.

3       102.      California Business and Professions Code §17200 *et seq.* prohibits acts of unfair

4   competition, which mean and include any "unlawful...business act or practice."

5       103.      As more fully described above, the acts and practices alleged herein are unlawful

6   as they violate numerous statutory provisions, as previously alleged.

7       104.      The acts and practices engaged in by Defendant and alleged herein harmed

8   Plaintiffs and, on information and belief, have harmed other California consumers. On

9   information and belief, Defendant's conduct is ongoing and continues to this date.

10       105.      Plaintiffs allege that Defendant's misconduct, as alleged herein, gave, and

11   continues to give Defendant an unfair competitive advantage.

12       106.      As a direct and proximate result of Defendant's aforementioned acts, Defendant

13   has prospered and benefitted from the sales of its non-compliant screening reports, and has been

14   unjustly enriched by providing non-compliant reports on Plaintiffs and on other consumers and

15   should be required to disgorge its illicit profits and/or be enjoined from continuing such practices

16   under California Business & Professions Code §17200 and related sections.

17

18   **ELEVENTH CAUSE OF ACTION**

19   **(Violation of California B&P Code §17200 *et seq.*)**

20

21       107.      Plaintiffs hereby incorporates by reference the allegations of paragraphs 1 - 53,

22   inclusive.

23       108.      California Business and Professions Code §17200, *et seq.* prohibits acts of unfair

24   competition, which mean and include any "unfair...business act or practice."

25       109.      As more fully described above, Defendant's acts and practices constitute unfair

26   business acts or practices within the meaning of Business and Professions Code §17200, *et seq.*

27   in that the justification for Defendant's conduct, if any, is outweighed by the harm to the general

28   public. Such conduct is also contrary to public policy, immoral, unethical, oppressive,

29   unscrupulous and/or substantially injurious to consumers. On information and belief,

30   Defendant's unfair conduct is ongoing and continues to this date.

31

32

110.     The acts and practices engaged in by Defendant and alleged herein harmed Plaintiffs and, on information and belief, have harmed other California consumers. On information and belief, Defendant's conduct is ongoing and continues to this date.

111.     Plaintiffs allege that Defendant's misconduct, as alleged herein, gave, and continues to give Defendant an unfair competitive advantage.

112.     As a direct and proximate result of Defendant's aforementioned acts, Defendant has prospered and benefited from the sales of its non-compliant reports, and has been unjustly enriched by providing of non-compliant screening reports on Plaintiffs and on other consumers and should be required to disgorge illicit and/or enjoined from continuing such practices under California Business & Professions Code §17200 and related sections.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, and each of them, as follows:

1. For a declaration that Defendant's practices violate the FCRA, and the ICRAA;
2. For compensatory, special, general and punitive damages according to proof against all Defendants;
3. For interest upon such damages as permitted by law;
4. For an award of reasonable attorney's fees provided by law under all applicable statutes;
5. For the costs of suit;
6. For such other orders of the Court and further relief as the Court deems just and proper.

DATED: June 6, 2012

DEVIN H. FOK ESQ.
THE LAW OFFICES OF DEVIN H. FOK


By: _____
        Devin H. Fok
        Attorneys for Plaintiff GABRIEL F. MORAN

# DEMAND FOR JURY TRIAL

Plaintiff hereby request and demand a jury trial on all issues triable by jury.

DATED: June 6, 2012

DEVIN H. FOK ESQ.
THE LAW OFFICES OF DEVIN H. FOK

By: _____
Devin H. Fok
Attorneys for Plaintiff GABRIEL F. MORAN

**PROOF OF SERVICE**

1

2  I, the undersigned, declare that I am a citizen of the United States and work in the City of Los
   Angeles, County of Los Angeles, that I am over the age of eighteen (18) years and not a party to
3  the within cause; that my business address is 958 E. 108th St., Los Angeles, CA 90059, and that
   on the date set out below I served a true copy of the attached:

4

5  • PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

6         On the following parties at the addresses set for the below:

7         Verifications, Inc. c/o Jacobson, Russell, Saltz & Fingerman LLP
          ATTN: Michael J. Saltz, Esq.
8         10866 Wilshire Blvd., Ste. 1550
          Los Angeles, CA 90024
9         Phone: (310) 446-9900; Fax: (310) 446-9909

10

11        By the following method:

12         _X_ (BY REGULAR MAIL)  I caused such envelopes to be delivered to the office(s)
13  thereon fully prepaid to be placed in the U.S. mail at Los Angeles, California.

14         ____ (BY PERSONAL DELIVERY)  I caused such envelope(s) to be delivered by hand
15  to the office(s) of the addressee(s).

16         ____ (BY FACSIMILE) I caused such copies to be sent with same day service.

17

18  I declare under penalty of perjury that the above statements are true and correct. This statement
19  is executed in Los Angeles, California on June 6, 2012

20

21                                                                          Devin Fok

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Alicia G.  Rosenberg.

The case number on all documents filed with the Court should read as follows:

## CV12- 5808 SVW (AGRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=======================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| GABRIEL FELIX MORAN | THE SCREENING PROS, LLC |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Devin H. Fok                 Joshua E. Kim<br>Law Office of Devin H. Fok      A New Way Of Life Reentry Project<br>P.O. Box 7165, Alhambra, CA   P.O. Box 875288, Los Angeles, CA | Michael J. Saltz, Esq. (SBN 189751), Colby A. Petersen, Esq (SBN 274387)<br>Jacobson, Russell, Saltz & Fingerman, LLP<br>10866 Wilshire Blvd., Suite 1550<br>Los Angeles, CA  90024; Tel. 310-446-9900. |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff     ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant     ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only**
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☑ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☑ No       ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.  Do not cite jurisdictional statutes unless diversity.)
This case is removable as Plaintiff has claimed causes of action under Federal statutes 15 USC 1681(c) and (e), and 15 USC 1681i(a), the Fair Credit Reporting Act.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☑ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                     CIVIL COVER SHEET                     Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Plaintiff Gabriel Felix Moran |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Defendant The Screening Pros, LLC |  |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| All claims arose in Los Angeles County |  |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Colley Peterson_____ Date _7/5/2012_

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |