UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-05808-SVW-AGR | Date | November 20, 2012 |
|---|---|---|---|
| Title | Gabriel Felix Moran v. The Screening Pros, LLC et al | | |

JS - 6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| N/A | N/A | |

**Proceedings:** IN CHAMBERS ORDER re Motion for Reconsideration [20]; Motion for Summary Judgment [29]; Motion for Judgment on the Pleadings [24]

**I.    INTRODUCTION**

Plaintiff Gabriel Felix Moran ("Plaintiff") filed this lawsuit in California Superior Court against Defendant The Screening Pros, LLC ("Defendant"). The First Amended Complaint ("FAC") alleges that Defendant issued a background check report containing Plaintiff's outdated criminal history information in violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA"), and California's Investigative Consumer Reporting Agencies Act, Cal. Civ. Code §§ 1786 et seq. ("ICRAA"). Defendant removed to this Court on the basis of federal question jurisdiction and filed a Motion to Dismiss all the claims except for the Third Cause of Action for Defendant's alleged failure to reinvestigate in light of Plaintiff's dispute. FCRA § 1681i(a).

In its Order dated September 28, 2012, the Court granted Defendant's Motion to Dismiss as to the ICRAA claims. (Dkt. 18). The Court held, however, that Plaintiff had successfully stated a claim for violations of two provisions of the FCRA: (1) disclosure of outdated criminal history information in violation of FCRA § 1681c; and (2) failure to have reasonable procedures to avoid disclosure violations pursuant to FCRA § 1681e(a).

On October 8, 2012, Defendant filed a Motion for Reconsideration of the Order with respect to these two federal claims. (Dkt. 20). Defendant subsequently filed a Motion for Judgment on the Pleadings, (Dkt. 24), and a Motion for Summary Judgment, (Dkt. 29). For the reasons set forth below, the Court GRANTS the Motion for Reconsideration, GRANTS the Motion for Summary Judgment, and DENIES the Motion for Judgment on the Pleadings.

//

|   |   | : |   |
|---|---|---|---|
|   | Initials of Preparer | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-05808-SVW-AGR | Date | November 20, 2012 |
|---|---|---|---|
| Title | Gabriel Felix Moran v. The Screening Pros, LLC et al | | |

JS - 6

## II. FACTUAL BACKGROUND

Defendant is a background check company that provides tenant screening services to landlords in connection with the leasing of residential properties. (FAC ¶ 5). On or about February 5, 2010, Plaintiff applied for housing with an affordable housing development project named Maple Square. At Maple Square's request, Defendant furnished a background check report ("Report") on Plaintiff containing information about his criminal history, eviction history, and credit history. (FAC ¶¶ 34-35).

Plaintiff takes issue with the disclosure of a criminal misdemeanor charge from 2000. (Compl., Ex. 1). The Report shows that on May 16, 2000, a criminal misdemeanor charge was filed against Plaintiff for being "under the influence of a controlled substance." (FAC ¶ 36). The Report further indicates that the charge was dismissed on March 2, 2004. (Compl., Ex. 1 at 1).

The Report also discloses a subsequent criminal incident, which is not at issue here. The Report notes that on June 4, 2006, Plaintiff was charged with one count of second-degree burglary, one count of forgery, and one count of embezzlement from an older or dependent adult. (FAC ¶ 46); (Compl., Ex 1 at 1-2). The Report indicates that the first two counts were dismissed three days later, but that Plaintiff was convicted of embezzlement and sentenced to 60 days in jail, 3 years of probation, and a fine. (Compl., Ex. 1 at 1-2).

After receiving the Report, Maple Square's owner denied Plaintiff's rental application. (FAC ¶ 48). Plaintiff disputed the Report in writing, but Defendant did not respond. (FAC ¶¶ 49-51). On June 7, 2012, Plaintiff filed this action in Los Angeles County Superior Court.

## III. MOTION FOR RECONSIDERATION

### A. Legal Standard

The Motion is governed by Local Rule 7-18, which provides as follows:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-05808-SVW-AGR | Date | November 20, 2012 |
|---|---|---|---|
| Title | Gabriel Felix Moran v. The Screening Pros, LLC et al | | |

# JS - 6

to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

C.D. Cal. Local Rule 7-18.

Alternatively, the Motion may be governed by Fed. R. Civ. P. 59(e), which permits the Court to alter or amend an order "if '(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.'" Duarte v. Bardales, 526 F.3d 563, 567 (9th Cir. 2008) (quoting Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001)).

**B.      Analysis**

    **1.      Summary of Court's Previous Order**

In its prior Order, the Court held that Plaintiff had adequately pled a claim that Defendant's Report violated 15 U.S.C. § 1681c(a)(5) by disclosing criminal information dating back to 2000. Section 1681c(a) provides:

> [N]o consumer reporting agency may make any consumer report containing any of the following items of information:
> . . .
> (2)    Civil suits, civil judgments, and records of arrest that, from date of entry, antedate the report by more than seven years or until the governing statute of limitations has expired, whichever is the longer period.
> . . .
> (5)    Any other adverse item of information, other than records of convictions of crimes which antedates the report by more than seven years.

15 U.S.C. § 1681c(a) (West 2010) (emphasis added).

In 2011, the Federal Trade Commission ("FTC") issued new commentary on the FCRA. Federal Trade Commission, 40 Years of Experience with the Fair Credit Reporting Act: An FTC Staff Report with Summary of Interpretations (July 2011) ("2011 Staff Summary"), available at:

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-05808-SVW-AGR | Date | November 20, 2012 |
|---|---|---|---|
| Title | Gabriel Felix Moran v. The Screening Pros, LLC et al | | |

JS - 6

http://www.ftc.gov/os/2011/07/110720fcrareport.pdf (emphasis added). In particular, the comment for section 1681c(a)(5) states that "[t]he seven year reporting period for criminal record information 'other than convictions of crimes' runs from the ***date of the reported event***." Id. at 57.

Applying these authorities, the Court noted in its previous Order that the Report disclosed the filing of a misdemeanor charge against Plaintiff on May 16, 2000. The Court reasoned that such a record of filing of a charge constituted an "adverse item of information" under section 1681c(a)(5), and thus the seven-year window began on the "date of the reported event," May 16, 2000. (Dkt. 18 at 10:3-13).

In so holding, the Court rejected Defendant's contention that the relevant "date of the reported event" under section 1681c(a)(5) was the date of dismissal of the charge on March 2, 2004. Relying on FTC Commentary issued in 1990, Defendant cited the agency's comment to section 1681c(a)(5),[1] stating that "[t]he seven year reporting period runs from the date of disposition, release or parole, as applicable. For example, if charges are dismissed at or before trial, or the consumer is acquitted, the date of such dismissal or acquittal is the date of disposition." 16 C.F.R. Pt. 600, App. cmt. 605(a)(5)-2 (2010). Accordingly, Defendant argued that notwithstanding the filing of criminal charges on May 16, 2000, the "reported event" that triggered the seven-year window was the March 2, 2004 dismissal of the charges. Because the dismissal occurred less than seven years before the Report in dispute, Defendant maintained that no violation occurred as a matter of law. The Court rejected this argument on the ground that the FTC had rescinded its 1990 Commentary. Statement of General Policy or Interpretation, 76 Fed. Reg. 44462, 44463 (July 26, 2011).

### 2. Defendant's Report Did Not Violate the FCRA

After revisiting the relevant authorities, the Court GRANTS the Motion for Reconsideration. As Defendant correctly observes, even though the FTC rescinded the 1990 Commentary, the agency expressly clarified that the 1990 interpretations had only become "partially obsolete." 2011 Staff Summary at 7. Specifically, the 2011 Staff Summary states:

> Through the passage of time and the adoption of significant amendments to the FCRA, the 1990 Commentary has become partially obsolete, and

---

[1] Prior to 1998, section 1681c(a)(5) provided that "no consumer reporting agency may make any consumer report containing any of the following items of information: . . . (5) Records of arrest, indictment, or conviction of crime which, from date of disposition, release, or parole, antedate the report by more than seven years." 15 U.S.C. § 1681c(a) (West 1997).

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-05808-SVW-AGR | Date | November 20, 2012 |
|---|---|---|---|
| Title | Gabriel Felix Moran v. The Screening Pros, LLC et al | | |

JS - 6

does not reflect the most current interpretive guidance on the FCRA. Prior to the passage of the CFPA, FTC staff had been working on an updated Commentary as a replacement for the 1990 Commentary. As a result of the CFPA, however, much of the authority of the Commission and the federal financial agencies to publish rules, regulations, or guidelines under the FCRA transfers to the CFPB. In this changed context, staff is instead publishing a compendium of interpretations that it believes will be of use to the CFPB staff, the businesses subject to the Commission's jurisdiction under the FCRA, public representatives, and consumers. The Staff Summary incorporates material from the following sources:

- <u>Interpretations from the 1990 Commentary on sections of the FCRA that have not been amended, which staff continues to believe are timely, accurate, and helpful</u>.

<u>Id.</u> (emphasis added). In particular, the 2011 Staff Summary incorporates several 1990 comments by referencing them in endnotes where appropriate:

> The interpretations in the Summary do not always reflect verbatim the analogous 1990 comments. We have modified some to account for post-1990 FCRA amendments or cases, to make them consistent with other comments, and to make them more relevant to current practice. We have edited others for clarity or to accord with modern style. <u>Even though the 1990 comments listed in the endnotes are not precisely duplicated in the 2011 Staff Summary, staff believes the references will assist readers where a 1990 comment is a source for an interpretation here.</u>

<u>Id.</u> at 16 n.60 (emphasis added). Thus, the 2011 Staff Summary makes clear that the FTC believes the 1990 comments referenced in endnotes "will assist readers" as an interpretive source.

     Of particular import to this case, the 2011 Staff Summary indicates that the 1990 comment concerning the dismissal of criminal charges remains applicable. Specifically, the 2011 comment for section 1681c(a)(5) provides that "[t]he seven year reporting period for criminal record information 'other than convictions of crimes' runs from the date of the reported event." <u>Id.</u> at 57. The comment then cites endnote 194. Endnote 194, in turn, cites to "1990 comment 605(a)(5)-2," which states: "The seven year reporting period runs from the date of disposition, release or parole, as applicable. For

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-05808-SVW-AGR | Date | November 20, 2012 |
|---|---|---|---|
| Title | Gabriel Felix Moran v. The Screening Pros, LLC et al | | |

JS - 6

example, if charges are dismissed at or before trial, or the consumer is acquitted, the date of such dismissal or acquittal is the date of disposition." 16 C.F.R. Pt. 600, App. cmt. 605(a)(5)-2 (2010).

Based on the foregoing, the Court concludes that its previous Order was incorrect inasmuch as it suggested that the 1990 commentary to section 1681c(a)(5) is no longer persuasive authority. The Court therefore VACATES the portion of its prior Order discussing the First Cause of Action. Bearing in mind the FTC's full guidance, the Court proceeds to apply the 1990 comment 605(a)(5)-2 to the instant facts.

Section 1681c(a)(5) instructs that the seven year reporting period for criminal record information runs from the "date of the reported event." The 1990 comment teaches that where, as here, criminal charges were dismissed at or before trial, the "date of the reported event" is the "date of disposition," which is the date of such dismissal. In other words, the seven year reporting period begins to run on the date of the dismissal. Accordingly, with respect to Plaintiff's misdemeanor charge, the "date of the reported event" for purposes of section 1681c(a)(5) is not the date the charge was filed, but rather the date the charge was dismissed, March 2, 2004. Thus, because the "date of the reported event" predates Defendant's Report by less than seven years, the disclosure of the misdemeanor did not violate section 1681c(a)(5).

Before the Court dismisses the section 1681c claim, however, it must also address whether the disclosure of the misdemeanor in dispute may have violated section 1681c(a)(2). Although neither party raised this issue in their briefs for the Motion for Reconsideration, it was thoroughly briefed in the preceding Motion to Dismiss. There, Plaintiff argued that the record of filing of a criminal charge points to the existence of an arrest, and is therefore tantamount to a "record of arrest." Under section 1681c(a)(2), the seven-year period for records of arrest runs from "the date of entry." Thus, according to Plaintiff, the disclosure of the filing of the charge in 2000 violated section 1681c(a)(2).

Plaintiff relies on Serrano v. Sterling Testing Sys., Inc., 557 F. Supp. 2d 688 (E.D. Pa. 2008), for the proposition that any information that points to the existence of an arrest is akin to a "record of arrest." In Serrano, an employment screening company found that the plaintiff, a job applicant, had an old arrest record that was more than seven years old. Under 15 U.S.C. § 1681c(b)(3), the screening company could disclose the arrest record only if the job in question paid more than $75,000. Thus, the company informed the employer that it could report an old arrest record if the employer could verify the job at issue paid at least $75,000. Serrano, 557 F. Supp. 2d at 689-90. The Serrano court ruled in dicta[2]

---

[2] The court noted that it "need not decide this question" because even if the disclosure did not violate section 1681c(a)(2), it violated section 1681c(a)(5). Serrano, 557 F. Supp. 2d at 692.

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-05808-SVW-AGR | Date | November 20, 2012 |
|---|---|---|---|
| Title | Gabriel Felix Moran v. The Screening Pros, LLC et al | | |

JS - 6

that reporting the existence of the old arrest record – without producing the arrest record itself – violated section 1681c(a)(2). It relied in part on another FTC comment from 1990 that stated:

> A consumer reporting agency may not furnish a consumer report indicating the existence of obsolete adverse information, even if no specific item is reported. For example, a consumer reporting agency may not communicate the existence of a debt older than seven years by reporting that a credit grantor cannot locate a debtor whose debt was charged off ten years ago.

16 C.F.R. Pt. 600, App. cmt. 605(a)-6 (2010).

Serrano is distinguishable. Unlike in Serrano, it is undisputed here that Defendant's Report did not disclose the existence of the arrest record itself. It disclosed only the filing of a criminal charge, the court county from where the information were obtained, the count charged, the dismissal of the count, and the date of the dismissal. To be sure, one could argue that such information tends to imply that a prior arrest record must exist. While this contention has some merit, extending the argument to its logical conclusion would mean that virtually any record of criminal proceedings would constitute an "arrest record" in that it implies the existence of a prior arrest record. Such an approach ignores Congress's self-evident decision to subject "records of arrest" to the rubric of section 1681c(a)(2), while placing other "criminal records other than convictions" within the ambit of section 1681c(a)(5). 2011 Staff Summary at 57. Such a result is untenable.

In sum, the Court concludes that Defendant's disclosure of the misdemeanor in the Report did not violate sections 1681c(a)(2) or 1681c(a)(5). Thus, the FAC fails to state a claim for violation of section1681c. Moreover, because the FAC fails to plead any disclosure violation, there is no factual basis to infer that Defendant failed to maintain reasonable procedures to avoid disclosure violations, in violation of section 1681e(a). Accordingly, upon reconsideration, Defendant's Motion to Dismiss the First and Second Causes of Action is GRANTED.

**IV. MOTION FOR SUMMARY JUDGMENT**

In light of the Court's dismissal of the First and Second Causes of Action, the only claim that remains for adjudication is the Third Cause of Action for violation of FCRA § 1681i. The FAC alleges that Defendant violated several provisions of section 1681i by failing to reinvestigate an inaccuracy in the Report.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-05808-SVW-AGR | Date | November 20, 2012 |
|---|---|---|---|
| Title | Gabriel Felix Moran v. The Screening Pros, LLC et al | | |

JS - 6

The Ninth Circuit has established, however, that an actual inaccuracy must exist in the consumer report for a plaintiff to state a claim under section 1681i:

> Although the FCRA's reinvestigation provision, 15 U.S.C. § 1681i, does not on its face require that an actual inaccuracy exist for a plaintiff to state a claim, many courts, including our own, have imposed such a requirement. In Dennis v. BEH–1, LLC, 520 F.3d 1066 (9th Cir. 2008), we held that a plaintiff filing suit under section 1681i must make a "prima facie showing of inaccurate reporting." Id. at 1069. The inaccuracy requirement comports with the purpose of the FCRA, which is to protect consumers from the transmission of inaccurate information about them.

Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 890 (9th Cir. 2010) (internal citations and quotation marks omitted).

Given the Court's ruling that Defendant's Report did not contain any obsolete information in violation of section 1681c, the Court concludes that the FAC fails to allege any actual inaccuracy in the Report. Plaintiff does not dispute that such a finding would foreclose his section 1681i claim as a matter of law. Accordingly, Defendant's Motion for Summary Judgment on the Third Cause of Action is GRANTED.

**V. CONCLUSION**

Defendant's Motion for Reconsideration is GRANTED, and Plaintiff's First and Second Causes of Action are DISMISSED. Defendant's Motion for Summary Judgment is GRANTED with respect to the Third Cause of Action; that claim is also DISMISSED. Defendant's Motion for Judgment on the Pleadings is DENIED as moot.

| | : |
|---|---|
| Initials of Preparer | PMC |