STUART F. DELERY
Principal Deputy Assistant Attorney General
MAAME EWUSI-MENSAH FRIMPONG
Acting Deputy Assistant Attorney General
MICHAEL S. BLUME
Director, Consumer Protection Branch
GERALD C. KELL
Senior Trial Counsel
Consumer Protection Branch
U.S. Department of Justice
P.O. Box 386
Washington, DC 20044
Tel: (202) 514-1586
Fax: (202) 514-8742
Email: gerald.kell@usdoj.gov
Attorneys for the United States

*Lodged proposed order*

FILED
CLERK, U.S. DISTRICT COURT
DEC 13 2012
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL FELIX MORAN,<br><br>　　　Plaintiff,<br><br>vs.<br><br>THE SCREENING PROS, LLC, *et al.*,<br><br>　　　Defendants. | Case Number: 2:12-cv-05808-SVW-AGR<br><br>**PROTECTIVE MOTION FOR LEAVE TO INTERVENE; MEMORANDUM IN SUPPORT THEREOF**<br><br>No Hearing Scheduled |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT the United States of America hereby moves protectively for leave to intervene in this case to defend the constitutionality of a provision of the Fair Credit Reporting Act codified at 15 U.S.C. § 1681c. That provision is challenged in the Motion for Judgment on the Pleadings filed by defendant The Screening Pros, LLC, on October 12, 2012 (Doc. 24). The United States moves to intervene as of right pursuant to Federal Rules of Civil Procedure 5.1(c) and 24(a)(1) and 28 U.S.C. § 2403(a).

Rule 5.1 of the Federal Rules of Civil Procedure requires a party who files a motion drawing into question the constitutionality of a federal statute to promptly file a notice of constitutional question stating the question and identifying the paper that raises it and to serve that notice on Attorney General of the United States. Defendant filed such a notice (Doc. 26) on October 16, 2012, stating that its motion for judgment on the pleadings (Doc. 24) challenged the constitutionality of the subject statute and, on the same date, served a copy of the notice on the Attorney General by certified mail.

Rule 5.1(c) grants the United States 60 days to seek to intervene from the filing of the notice of constitutional question, in this case at least through and including December 17, 2012. If need be, the Court is authorized to provide more time. See Rule 5.1 advisory committee notes, 2006 adopting, para. 4 (providing that the Court may extend the time "either on its own or on motion."). Furthermore, under Rule 5.1(c), the court is permitted to reject defendant's constitutional challenge to the challenged provision without any delay, but the court cannot enter a final judgment holding the statute unconstitutional before the United States' time to intervene expires.

Subsequent to defendant's filing of its notice of constitutional question, but before the expiration of the 60-day period in which the United States may seek to intervene as of right, this Court entered an order (Doc. 40) on November 20, 2012, dismissing all of plaintiff's claims and, consequently, denying defendant's motion for judgment on the pleadings as moot. The court did not, therefore, find it necessary to address, nor did it address, defendant's constitutional challenge. It remains possible, however, that the constitutional challenge could be revived if, for example, the court's order of November 20, 2012, is reconsidered or reversed on appeal. In such an event, the period within which the United States is permitted to intervene as of right to defend against the constitutional challenge may have expired. For that reason, and solely to protect the right of the United States to defend an Act of Congress, the United States is filing this motion for leave to intervene at this time.

Any final decision on whether the United States will participate in this action, should that become necessary, will be made by the Solicitor General. See 28 C.F.R. § 0.21 (providing in full that, "The Solicitor General may in consultation with each agency or official concerned, authorize intervention by the Government in cases involving the constitutionality of acts of Congress."). Nonetheless, the Consumer Protection Branch of the Civil Division of the Department of Justice is charged with representing the United States in actions such as this. Indeed, undersigned counsel from the Consumer Protection Branch, with the authorization of the Solicitor General, recently represented the United States as intervener in an action in the Eastern District of Pennsylvania in which the court upheld the statutory provision challenged by defendant here against the identical constitutional claim. *See King v. General Information Services, Inc.*, No. 10-6850 (Doc. 62) (E.D. Pa., Nov. 6, 2012).

WHEREFORE, the United States moves the Court for leave to intervene in this action to defend the constitutionality of 15 U.S.C. § 1681c in the event that defendant's challenge to that statute, presently dismissed as moot, is revived.

Respectfully submitted,

STUART F. DELERY
Principal Deputy Assistant Attorney General

MAAME EWUSI-MENSAH FRIMPONG
Deputy Assistant Attorney General

MICHAEL S. BLUME
Director

RICHARD GOLDBERG
Deputy Director

_____
GERALD C. KELL
Senior Trial Counsel
Consumer Protection Branch
U.S. Department of Justice

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

P.O. Box 386
Washington, DC  20044-0386
Telephone:  (202) 514-1586
Facsimile:  (202) 514-8742
E-mail:  gerald.kell@usdoj.gov

# CERTIFICATE OF SERVICE

I certify that on December 11, 2012, I served copies of the foregoing Protective Motion for Leave to Intervene and proposed Order Granting Protective Motion for Leave to Intervene by Federal Express overnight delivery to:

Devin H Fok
Law Offices of Devin H Fok
PO Box 7165
Alhambra, CA 98102-7165

Joshua Eunsuk Kim
A New Way of Life Reentry Project
P.O.Box 875288
Los Angeles, CA 90087

Colby Petersen
Jacobson Russell Saltz & Fingerman LLP
10866 Wilshire Boulevard Suite 1550
Los Angeles, CA 90024

Michael J Saltz
Jacobson Russell Saltz & Fingerman LLP
10866 Wilshire Blvd Ste 1550
Los Angeles, CA 90024

GERALD C. KELL
Senior Trial Counsel
Consumer Protection Branch
U.S. Department of Justice