```
 1                UNITED STATES DISTRICT COURT

 2               CENTRAL DISTRICT OF CALIFORNIA

 3                          ---

 4

 5   THE HONORABLE STEPHEN V. WILSON, U.S. DISTRICT JUDGE PRESIDING

 6

 7   GABRIEL FELIX MORAN,           )
                                    )
 8            Plaintiff,            )
                                    )
 9      vs.                         )  No. CV 2012-5808-SVW
                                    )
10                                  )
     THE SCREENING PROS, LLC,       )
11   ET AL.,                        )
                                    )
12            Defendants.           )
     _____)
13

14

15

16           REPORTER'S TRANSCRIPT OF PROCEEDINGS

17                 LOS ANGELES, CALIFORNIA

18                MONDAY, SEPTEMBER 10, 2012

19

20           **NEW CASE STATUS CONFERENCE**

21

22   _____

23              DEBORAH K. GACKLE, CSR, RPR
                  United States Courthouse
24           312 North Spring Street, Room 402A
                Los Angeles, California 90012
25                    (213) 620-1149
```

```
 1  APPEARANCES OF COUNSEL:

 2

 3

 4      For the Plaintiff:

 5

 6          Devin H Fok
            Law Offices of Devin H Fok
 7          PO Box 7165
            Alhambra, CA 98102-7165
 8          310-430-9933
            Fax: 323-563-3445
 9          Email: devin@devinfoklaw.com

10

11          Joshua Eunsuk Kim
            A New Way of Life Reentry Project
12          P.O.Box 875288
            Los Angeles, CA 90087
13          323-563-3575
            Fax: 323-563-3445
14          Email: joshua@anewwayoflife.org

15

16

17      For the Defendants:

18

19          Michael J Saltz
            Colby Petersen
20          Jacobson Russell Saltz & Fingerman LLP
            10866 Wilshire Boulevard Suite 1550
21          Los Angeles, CA 90024
            310-446-9900
22          Fax: 310-446-9909
            Email: cpetersen@jrsfllp.com
23

24                     - - - - -

25
```

```
 1            LOS ANGELES, CALIFORNIA; MONDAY, SEPTEMBER 10, 2012;
 2                                2:40 P.M.
 3                               - - - - -
 4
 5            THE CLERK:  Item 9, CV 12-5808-SVW, Gabriel Felix
 6   Moran v. The Screening pros LLC, et al.
 7            Counsel, please state your appearances.
 8            MR. FOK:  Good afternoon, Your Honor.  Devin Fok for
 9   the plaintiff.
10            MR. KIM:  And also Joshua Kim.
11            MR. SALTZ:  Good afternoon, Your Honor.  Michael
12   Saltz on behalf of the Screening Pros, along with Colby
13   Petersen.
14            THE COURT:  With regard to the motion to dismiss,
15   with respect to the causes of action under IRCA, the
16   state-based claims, I agree with the defendant that the statute
17   is unconstitutionally vague, and so those claims will be
18   dismissed.
19            I disagree, however, with regard to the causes of
20   action under the FCRA, the federal claims, under Section
21   1681(e); and there the critical issue is when the seven-year
22   period begins, and my view is that the seven-year period begins
23   from the date of filing, which means it's not barred by the
24   statute of limitations.
25            And what remedies are available under Section 1681?
```

```
 1              MR. FOK:  Yes, Your Honor.  Under 1681, the remedies
 2   are $1,000 for intentional violations, which is statutory
 3   damages, and actual damages for negligent violations.  Also,
 4   with respect to the ICRA --
 5              THE COURT:  Say that again now.  There's statutory
 6   damages of a thousand dollars?
 7              MR. FOK:  For intentional violations.
 8              THE COURT:  What is the penalty for negligent
 9   violations?
10              MR. FOK:  Actual damages, Your Honor.
11              THE COURT:  Actual.  So how -- what are actual
12   damages in this kind of analysis?  How do you compute actual
13   damages?
14              MR. FOK:  In these kind of cases, Your Honor, actual
15   damages are hard to prove, and that's one of the reasons why --
16              THE COURT:  I know, but what constitutes actual
17   damages?
18              MR. FOK:  By -- under Ninth Circuit, actual damages
19   encompass emotional distress, encompasses loss of rent -- loss
20   of opportunity to rent, as well as any other consequential
21   damages.  It does not necessarily have to be economic in
22   nature.
23              THE COURT:  I see.  Here, how would you argue your
24   damage claim?
25              MR. FOK:  It would be primarily on the basis of
```

```
 1   emotional distress and reputation damages.
 2              THE COURT:  Tell me how that would proceed.
 3              MR. FOK:  Well, my client had a good opportunity to
 4   procure affordable housing.  As result of defendant's conduct,
 5   my client lost his opportunity to procure that housing, so --
 6   and securing affordable housing, securing stable housing, it's
 7   key to somebody's mental well-being and somebody's physical
 8   well-being as well.
 9              THE COURT:  Did your client pursue affordable housing
10   after this incident with the defendant?
11              MR. FOK:  He's constantly pursuing affordable
12   housing.  I'm not sure whether he's found affordable housing
13   as -- as of today.
14              THE COURT:  I see.  How does the defendant see it?
15              MR. SALTZ:  Thank you, Your Honor.  As to your
16   1681(e) ruling, you said something which didn't make sense with
17   the argument that we had made.  You said that you're counting
18   the seven-year period from the date of filing, so that is the
19   date of filing of the criminal case and not its ultimate
20   disposition.
21              THE COURT:  Right.
22              MR. SALTZ:  Okay.  And then you mentioned something
23   with regard to the statute of limitations.  We haven't argued
24   statute of limitations on that.  We thought it was just the
25   seven-year and to-date section.
```

1          THE COURT:  So you're saying that there's -- that the
2  claim had, notwithstanding the ruling on when the seven-year
3  period runs under the statute, there's an independent
4  statute-of-limitations argument?
5          MR. SALTZ:  Depending, yes, Your Honor.  There's a
6  two-year statute of limitations, but we didn't make that
7  argument in the 12(b)(6) motion.  What we made the argument on
8  with regard to the seven-year statute from when it starts, we
9  have -- or I fear that finding that under 1681(e) that the
10 disposition date doesn't control will then create an actual
11 conflict between California's credit reporting laws, which have
12 been allowed to give more protection to the consumer.  And in
13 this instance, that interpretation of 1681(e) would make the
14 FCRA turn Civil Code Section 1785.13 to be -- to give less
15 protection to the consumer.  Specifically, 1785.13 says that
16 the seven-year antedation date -- if that is a word -- the
17 seven-year time period antedates the report not by the filing
18 but by disposition, release or parole, because the filing date
19 could be at one point and then through a series of waivers or
20 through appeals --
21         THE COURT:  You know something?  I don't want to get
22 into that with you because I don't think I agree with that
23 argument.  So let's get back to the question that I asked.
24         What's your view of the way the plaintiff has
25 structured its damage analysis?

```
 1            MR. SALTZ:  Our view is there are no damages, in
 2   particular --
 3            THE COURT:  That isn't the question.  The plaintiff
 4   has -- I asked the plaintiff what kind of damages are
 5   available.  The plaintiff responded by saying that there are
 6   emotional distress damages, that the cases support that, and
 7   that the plaintiff has been unable to get affordable housing as
 8   a result of this report; and, therefore, the fact that the
 9   plaintiff has been unable to get affordable housing has caused
10   the plaintiff emotional distress.  Forgetting for the moment
11   the merits of that, is that an argument that's structurally
12   correct?
13            MR. SALTZ:  No, Your Honor.  There has to be actual
14   damages under the FCRA.  If they prove an intentional
15   violation, there is a statutory penalty of $1,000.  If it's a
16   negligent violation, then there's no statutory penalty;
17   however, they do have to prove actual damages.  In this
18   complaint --
19            THE COURT:  Aren't you allowed emotional distress?
20            MR. SALTZ:  The complaint doesn't plead emotional
21   distress.
22            THE COURT:  Well --
23            MR. SALTZ:  It does not say that any were suffered.
24   It says that they were entitled to a $10,000 statutory penalty,
25   and that they suffered actual damage of spending money, time
```

```
 1   and energy in having to clean up the report.
 2             THE COURT:  But now they seem to be saying that they
 3   suffered emotional distress.
 4             MR. SALTZ:  Right, which is not in the complaint.
 5             THE COURT:  You know, how hard is it to change the
 6   complaint?  I mean, you know, this is not one of those Gillette
 7   commercials.
 8             MR. SALTZ:  I understand, Your Honor.  In this
 9   particular instance, we have two criminal court cases that were
10   reported:  One that falls within your reading of the seven-year
11   time period and one that falls outside of it.  So the question
12   is could he be damaged by the one that was outside of it when
13   it was reported along side the one that was inside of it.  So
14   in our position, there is -- unless they can get the people
15   that have denied him housing based upon his credit report and
16   his criminal report to say that but for the one criminal case
17   that was reported that was outside of the reading of 1681(e),
18   then -- and --
19             THE COURT:  One minute, one minute.  Was the criminal
20   event that was within the seven-year period the
21   under-the-influence charge of a controlled substance or the
22   other charge?
23             MR. SALTZ:  The one -- the criminal event, which was
24   case No. 188935, that had a filing date of May 16, 2000, had a
25   disposition date of March 2nd, 2004.  That was the under the
```

1    influence.
2            THE COURT:  Right.
3            MR. SALTZ:  The second case that was reported was
4    case No. 217842; the filing date of that case was June 4th,
5    2006, consisting of three counts, one of burglary in the second
6    degree; one of forgery --
7            THE COURT:  So that's not a violation.
8            MR. SALTZ:  That's not a violation under --
9            THE COURT:  So your argument is that could a
10   reasonable fact finder conclude that the plaintiff suffered
11   emotional distress or was adversely affected by the -- by
12   knowing of the barred under-the-influence conviction when the
13   defendant knew about the other convictions.
14           MR. SALTZ:  Correct.
15           THE COURT:  And the other convictions were for what
16   again?
17           MR. SALTZ:  Three counts:  First was burglary in the
18   second degree; second for forgery; and third embezzlement,
19   theft by a non-caretaker by an older or dependent adult.
20           THE COURT:  And you're saying that even in the
21   context of summary judgment, that that's not -- the plaintiff's
22   position is not sustainable until the plaintiff offers more
23   evidence, which would be along the lines that it would affect
24   someone in defendant's position.
25           MR. SALTZ:  Correct.

1            THE COURT:  I see.  You have to make a summary
2    judgment motion.
3            MR. SALTZ:  That's what we intend to do, Your Honor.
4            THE COURT:  When do you intend to do that?
5            MR. SALTZ:  Well, we have just got the case assigned
6    here.  This is our first status conference, and we immediately
7    filed our 12(b)(6) motion.  So now we will be engaging in
8    discovery based upon the remaining causes of action.
9            THE COURT:  Why do you have to discover anything?
10   Why wouldn't you be able to file a summary judgment motion just
11   on the basis of what you said?  I mean, it seems to me the
12   plaintiff might want to have some discovery, but why you?  You
13   seem to know where you're going.
14           MR. SALTZ:  We do, Your Honor.  The problem, however,
15   is we don't know what they're going to say in response, and in
16   this particular instance --
17           THE COURT:  What could they say in response?  What is
18   the best they could say?  The best they could say would be,
19   Well, no, a reasonable person in defendant's position could be
20   influenced by that barred conviction under the influence.  That
21   being under the influence is different than forgery or
22   embezzlement.  That is something that is more pernicious, and
23   that would affect a defendant more than mere burglary, mere
24   embezzlement -- what was the other one?
25           MR. SALTZ:  Theft from an elder --

1            THE COURT:  Mere theft.  Those are, you know, not as
2  telling as under the influence.  Was the under the influence a
3  driving charge?
4            MR. SALTZ:  We don't know, Your Honor.  That case was
5  ultimately dismissed, and it was reported as a dismissed case.
6  It's the other case to which --
7            THE COURT:  What was the under the influence case,
8  was that driving?
9            MR. FOK:  No, it was under the influence of drugs,
10 Your Honor.  In possession.  He had a drug addiction.
11           THE COURT:  Oh, I see.
12           MR. FOK:  So there is --
13           THE COURT:  You have to stand up when you address the
14 court.
15           MR. FOK:  I apologize, Your Honor.
16           There is absolutely a causation issue.  If I was a
17 landlord, I'd be less inclined to have somebody who uses drugs
18 in my premises as opposed to somebody who committed theft.
19           THE COURT:  But on the other hand, you would say a
20 reasonable landlord would say, Okay, this new tenant he has --
21 was it a conviction?
22           MR. SALTZ:  Yes, he pled guilty.
23           THE COURT:  He pled guilty to burglarizing some
24 place.  He pled guilty -- he didn't?
25           MR. FOK:  He did not, Your Honor.  He actually --

1  this is the issue with the background check as we have it right
2  now, because we're going to submit evidence to the effect that
3  under the criminal justice system, D.A. routinely charges
4  somebody who is arrested with everything they possibly can.
5           THE COURT:  What was he convicted of?
6           MR. FOK:  He was only convicted of theft.  Everything
7  else was dismissed.
8           THE COURT:  And was it a felony or misdemeanor?
9           MR. SALTZ:  Misdemeanor, Your Honor.
10          MR. FOK:  It was a misdemeanor.
11          MR. SALTZ:  It was part of a plea deal.
12          THE COURT:  What was the -- did the report itself
13 describe what he was charged with and what he pled to?
14          MR. SALTZ:  Yes, Your Honor.  It specifically
15 identified each count, and it showed which counts were
16 dismissed as part of plea deal, and it showed that for count
17 three he plead guilty, and it showed the sentence.
18          THE COURT:  What was the sentence?
19          MR. SALTZ:  Sixty days jail, three years court
20 probation and a $500 fine.
21          THE COURT:  What about the under the influence?
22          MR. SALTZ:  It showed dismissed.
23          THE COURT:  In other words, that wasn't even -- he
24 never pled or --
25          MR. SALTZ:  Correct.  Pursuant to the California

1   statute, this was reported within seven years of its
2   disposition.
3           THE COURT: What happened in the under the influence?
4   Was he ever prosecuted for that?
5           MR. FOK: No, the charges were never -- there were
6   no -- well, I want to backtrack. There were charges, but my
7   client was never prostituted on those charges.
8           THE COURT: Basically someone in the defendant's
9   position would know that a charge of being under the influence
10  was filed against your client, that that charge was dismissed,
11  and that your client -- that's something the defendant should
12  not have known, under my view of the statute -- should not have
13  been in the report, and that what could have been in the report
14  was the theft disposition. So don't we know all we have to
15  know for the summary judgment right now?
16          MR. FOK: Your Honor, there are two issues with that
17  actually with the under-the-influence charge. There are two
18  ways one can view that charge: Either a dismissal without
19  prosecution or a dismissal after prosecution and conviction and
20  following probation and expungement. Under the California's
21  expungement statute, an expungement is considered a dismissal
22  pursuant to Penal Code 1203.4, which is the exact same mistake
23  that the defense counsel made in their moving papers: They
24  assumed that it was a dismissal following expungement. That's
25  not what happened here. What happened was a straight-up

1    dismissal.  My client was never prosecuted --
2            THE COURT:  Well, look, you could bring this to a
3    decision through a summary judgment motion, and if the court
4    feels that a reasonable jury could find for the plaintiff, then
5    obviously summary judgment would be denied.  If the court feels
6    that that isn't the case, then the motion will be granted.  So
7    that's -- I don't know what discovery is about.  What do you
8    intend to discover from each other?  It seems to me you know
9    everything right now.
10           MR. SALTZ:  We don't know everything, Your Honor.
11   There are -- because there are three FCRA causes of action:
12   There's the one with regard to the timeliness; there's one with
13   regard to inaccurate information, which is mutually exclusive
14   from the timeliness; and then there is another with regard
15   to the -- under 1681(i)(A) which deals with the letter from the
16   attorney attempting to dispute information.
17           MR. FOK:  Your Honor, before you set a date for the
18   hearing --
19           THE COURT:  Yes.
20           MR. FOK:  -- there is a critically important
21   procedural item that we need to take care of, which is if the
22   court is inclined to find any of the statutes unconstitutional,
23   including the California Investigative Consumer Reporting
24   Agencies Act, notice must be given to the state attorney
25   general's office prior to the court's finding.  That's under

```
 1  Rule 5.1 --
 2            THE COURT:  What rule is that, Federal Rule --
 3            MR. FOK:  Federal Rule 5.1, Your Honor.
 4            THE COURT:  I see.  Let's say I do that.  What --
 5            MR. FOK:  There is a statutory 60 days that the court
 6  must wait after giving notice before he can actually enter
 7  judgment in defendant's waiver with respect to the
 8  constitutionality of the statute.
 9            THE COURT:  Let's say that is accomplished.  I'm just
10  proceeding on the basis of the other claims.
11            MR. FOK:  Yes.
12            THE COURT:  Thank for informing me about that.
13            Trial will be Tuesday, November 20th, at 9:00 a.m.
14  Pretrial will be on the day before, Monday, November 19th at
15  3:00 o'clock.  Thank you.
16            MR. SALTZ:  Your Honor, do you have a date for
17  summary judgment --
18            THE COURT:  We can hear the summary judgment -- file
19  it.  We set a date whenever you file it.  File it tomorrow, end
20  of the week, whatever you want, and then the clerk just sets
21  the schedule according to date that you filed it.
22            MR. SALTZ:  Thank you, Your Honor.
23            MR. FOK:  Thank you, Your Honor.
24                (Proceedings concluded at 3:00 p.m.)
25                            - - - - -
```

```
 1                      C E R T I F I C A T E
 2
 3          I hereby certify that the foregoing is a true and
 4   correct transcript from the stenographic record of
 5   the proceedings in the foregoing matter.
 6
 7                                          September 18, 2012
 8   /S/_____    _____
 9      Deborah K. Gackle                         Date
        Official Court Reporter
10      CSR No. 7106
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

## $

$1,000 [2]  4/2 7/15
$10,000 [1]  7/24
$500 [1]  12/20

## /

/S [1]  16/8

## 1

10 [2]  1/18 3/1
10866 [1]  2/20
1149 [1]  1/25
12 [2]  6/7 10/7
12-5808-SVW [1]  3/5
1203.4 [1]  13/22
1550 [1]  2/20
16 [1]  8/24
1681 [8]  3/21 3/25 4/1 5/16 6/9 6/13 8/17
 14/15
1785.13 [2]  6/14 6/15
18 [1]  16/7
188935 [1]  8/24
19th [1]  15/14

## 2

2000 [1]  8/24
2004 [1]  8/25
2006 [1]  9/5
2012 [3]  1/18 3/1 16/7
2012-5808-SVW [1]  1/9
20th [1]  15/13
213 [1]  1/25
217842 [1]  9/4
2:40 P.M [1]  3/2
2nd [1]  8/25

## 3

310-430-9933 [1]  2/8
310-446-9900 [1]  2/21
310-446-9909 [1]  2/22
312 [1]  1/24
323-563-3445 [2]  2/8 2/13
323-563-3575 [1]  2/13
3445 [2]  2/8 2/13
3575 [1]  2/13
3:00 [1]  15/24
3:00 o'clock [1]  15/15

## 4

402A [1]  1/24
4th [1]  9/4

## 5

5.1 [2]  15/1 15/3

## 6

60 [1]  15/5
620-1149 [1]  1/25

## 7

7106 [1]  16/10
7165 [2]  2/7 2/7

## 8

875288 [1]  2/12

## 9

90012 [1]  1/24
90024 [1]  2/21
90087 [1]  2/12
98102-7165 [1]  2/7
9900 [1]  2/21
9909 [1]  2/22

9933 [1]  2/8
9:00 a.m [1]  15/13

## A

a.m [1]  15/13
able [1]  10/10
about [4]  9/13 12/21 14/7 15/12
absolutely [1]  11/16
accomplished [1]  15/9
according [1]  15/21
Act [1]  14/24
action [4]  3/15 3/20 10/8 14/11
actual [12]  4/3 4/10 4/11 4/11 4/12 4/14 4/16
 4/18 6/10 7/13 7/17 7/25
actually [3]  11/25 13/17 15/6
addiction [1]  11/10
address [1]  11/13
adult [1]  9/19
adversely [1]  9/11
affect [2]  9/23 10/23
affected [1]  9/11
affordable [7]  5/4 5/6 5/9 5/11 5/12 7/7 7/9
after [3]  5/10 13/19 15/6
afternoon [2]  3/8 3/11
again [2]  4/5 9/16
against [1]  13/10
Agencies [1]  14/24
agree [2]  3/16 6/22
al [2]  1/11 3/6
Alhambra [1]  2/7
all [1]  13/14
allowed [2]  6/12 7/19
along [3]  3/12 8/13 9/23
also [2]  3/10 4/3
analysis [2]  4/12 6/25
anewwayoflife.org [1]  2/14
ANGELES [5]  1/17 1/24 2/12 2/21 3/1
another [1]  14/14
antedates [1]  6/17
antedation [1]  6/16
any [3]  4/20 7/23 14/22
anything [1]  10/9
apologize [1]  11/15
appeals [1]  6/20
appearances [2]  2/1 3/7
are [12]  3/25 4/2 4/11 4/15 7/1 7/4 7/5 11/1
 13/16 13/17 14/11 14/11
Aren't [1]  7/19
argue [1]  4/23
argued [1]  5/23
argument [7]  5/17 6/4 6/7 6/7 6/23 7/11 9/9
arrested [1]  12/4
as [14]  4/20 4/20 5/4 5/8 5/13 5/13 5/15 7/7
 11/1 11/2 11/5 11/18 12/1 12/16
asked [2]  6/23 7/4
assigned [1]  10/5
assumed [1]  13/24
at [4]  6/19 15/13 15/14 15/24
attempting [1]  14/16
attorney [2]  14/16 14/24
available [2]  3/25 7/5

## B

back [1]  6/23
background [1]  12/1
backtrack [1]  13/6
barred [3]  3/23 9/12 10/20
based [3]  3/16 8/15 10/8
Basically [1]  13/8
basis [3]  4/25 10/11 15/10
be [19]
because [4]  6/18 6/22 12/2 14/11
been [5]  6/12 7/7 7/9 13/13 13/13

before [3]  14/17 15/6 15/14
begins [2]  3/22 3/22
behalf [1]  3/12
being [4]  5/7 5/8 10/21 13/9
best [2]  10/18 10/18
between [1]  6/11
Boulevard [1]  2/20
Box [1]  2/7
bring [1]  14/2
burglarizing [1]  11/23
burglary [3]  9/5 9/17 10/23
but [8]  4/16 6/6 6/18 8/2 8/16 10/12 11/19
 13/6

## C

CA [3]  2/7 2/12 2/21
CALIFORNIA [6]  1/2 1/17 1/24 3/1 12/25
 14/23
California's [2]  6/11 13/20
can [5]  8/14 12/4 13/18 15/6 15/18
care [1]  14/21
caretaker [1]  9/19
case [13]  1/20 5/19 8/16 8/24 9/3 9/4 9/4 10/5
 11/4 11/5 11/6 11/7 14/6
cases [3]  4/14 7/6 8/9
causation [1]  11/16
caused [1]  7/9
causes [4]  3/15 3/19 10/8 14/11
CENTRAL [1]  1/2
certify [1]  16/3
change [1]  8/5
charge [7]  8/21 8/22 11/3 13/9 13/10 13/17
 13/18
charged [1]  12/13
charges [4]  12/3 13/5 13/6 13/7
check [1]  12/1
Circuit [1]  4/18
Civil [1]  6/14
claim [2]  4/24 6/2
claims [4]  3/16 3/17 3/20 15/10
clean [1]  8/1
clerk [1]  15/20
client [7]  5/3 5/5 5/9 13/7 13/10 13/11 14/1
Code [2]  6/14 13/22
Colby [2]  2/19 3/12
commercials [1]  8/7
committed [1]  11/18
complaint [4]  7/18 7/20 8/4 8/6
compute [1]  4/12
conclude [1]  9/10
concluded [1]  15/24
conduct [1]  5/4
conference [2]  1/20 10/6
conflict [1]  6/11
consequential [1]  4/20
considered [1]  13/21
consisting [1]  9/5
constantly [1]  5/11
constitutes [1]  4/16
constitutionality [1]  15/8
consumer [3]  6/12 6/15 14/23
context [1]  9/21
control [1]  6/10
controlled [1]  8/21
convicted [2]  12/5 12/6
conviction [4]  9/12 10/20 11/21 13/19
convictions [2]  9/13 9/15
correct [5]  7/12 9/14 9/25 12/25 16/4
could [10]  6/19 8/12 9/9 10/17 10/18 10/18
 10/19 13/13 14/2 14/4
counsel [3]  2/1 3/7 13/23
count [2]  12/15 12/16
counting [1]  5/17

**C**
counts [3]  9/5 9/17 12/15
court [9]  1/1 8/9 11/14 12/19 14/3 14/5 14/22 15/5 16/9
court's [1]  14/25
Courthouse [1]  1/23
cpetersen [1]  2/22
create [1]  6/10
credit [2]  6/11 8/15
criminal [7]  5/19 8/9 8/16 8/16 8/19 8/23 12/3
critical [1]  3/21
critically [1]  14/20
CSR [2]  1/23 16/10
CV [2]  1/9 3/5

**D**
D.A [1]  12/3
damage [3]  4/24 6/25 7/25
damaged [1]  8/12
damages [16]  4/3 4/3 4/6 4/10 4/12 4/13 4/15 4/17 4/18 4/21 5/1 7/1 7/4 7/6 7/14 7/17
date [15]  3/23 5/18 5/19 5/25 6/10 6/16 6/18 8/24 8/25 9/4 14/17 15/16 15/19 15/21 16/9
day [1]  15/14
days [2]  12/19 15/5
deal [2]  12/11 12/16
deals [1]  14/15
DEBORAH [2]  1/23 16/9
decision [1]  14/3
defendant [6]  3/16 5/10 5/14 9/13 10/23 13/11
defendant's [5]  5/4 9/24 10/19 13/8 15/7
Defendants [2]  1/12 2/17
defense [1]  13/23
degree [2]  9/6 9/18
denied [2]  8/15 14/5
dependent [1]  9/19
Depending [1]  6/5
describe [1]  12/13
devin [4]  2/6 2/6 2/9 3/8
devinfoklaw.com [1]  2/9
did [3]  5/9 11/25 12/12
didn't [3]  5/16 6/6 11/24
different [1]  10/21
disagree [1]  3/19
discover [2]  10/9 14/8
discovery [3]  10/8 10/12 14/7
dismiss [1]  3/14
dismissal [5]  13/18 13/19 13/21 13/24 14/1
dismissed [7]  3/18 11/5 11/5 12/7 12/16 12/22 13/10
disposition [6]  5/20 6/10 6/18 8/25 13/2 13/14
dispute [1]  14/16
distress [8]  4/19 5/1 7/6 7/10 7/19 7/21 8/3 9/11
DISTRICT [3]  1/1 1/2 1/5
do [10]  4/12 7/17 10/3 10/4 10/4 10/9 10/14 14/7 15/4 15/16
does [3]  4/21 5/14 7/23
doesn't [2]  6/10 7/20
dollars [1]  4/6
don't [7]  6/21 6/22 10/15 11/4 13/14 14/7 14/10
driving [2]  11/3 11/8
drug [1]  11/10
drugs [2]  11/9 11/17

**E**
each [2]  12/15 14/8
economic [1]  4/21
effect [1]  12/2

Either [1]  13/18
elder [1]  10/25
else [1]  12/7
Email [3]  2/9 2/14 2/22
embezzlement [3]  9/18 10/22 10/24
emotional [8]  4/19 5/1 7/6 7/10 7/19 7/20 8/3 9/11
encompass [1]  4/19
encompasses [1]  4/19
end [1]  15/19
energy [1]  8/1
engaging [1]  10/7
enter [1]  15/6
entitled [1]  7/24
et [2]  1/11 3/6
Eunsuk [1]  2/11
even [2]  9/20 12/23
event [2]  8/20 8/23
ever [1]  13/4
everything [4]  12/4 12/6 14/9 14/10
evidence [2]  9/23 12/2
exact [1]  13/22
exclusive [1]  14/13
expungement [4]  13/20 13/21 13/21 13/24

**F**
fact [2]  7/8 9/10
falls [2]  8/10 8/11
Fax [3]  2/8 2/13 2/22
FCRA [4]  3/20 6/14 7/14 14/11
fear [1]  6/9
federal [3]  3/20 15/2 15/3
feels [2]  14/4 14/5
FELIX [2]  1/7 3/5
felony [1]  12/8
file [4]  10/10 15/18 15/19 15/19
filed [3]  10/7 13/10 15/21
filing [7]  3/23 5/18 5/19 6/17 6/18 8/24 9/4
find [2]  14/4 14/22
finder [1]  9/10
finding [2]  6/9 14/25
fine [1]  12/20
Fingerman [1]  2/20
first [2]  9/17 10/6
Fok [3]  2/6 2/6 3/8
following [2]  13/20 13/24
foregoing [2]  16/3 16/5
forgery [3]  9/6 9/18 10/21
Forgetting [1]  7/10
found [1]  5/12

**G**
GABRIEL [2]  1/7 3/5
GACKLE [2]  1/23 16/9
general's [1]  14/25
get [5]  6/21 6/23 7/7 7/9 8/14
Gillette [1]  8/6
give [2]  6/12 6/14
given [1]  14/24
giving [1]  15/6
going [3]  10/13 10/15 12/2
good [3]  3/8 3/11 5/3
got [1]  10/5
granted [1]  14/6
guilty [4]  11/22 11/23 11/24 12/17

**H**
had [6]  5/3 5/17 6/2 8/24 8/24 11/10
hand [1]  11/19
happened [3]  13/3 13/25 13/25
hard [2]  4/15 8/5
has [7]  6/24 7/4 7/7 7/9 7/9 7/13 11/20
have [18]
haven't [1]  5/23

having [1]  8/1
he [17]
he's [2]  5/11 5/12
hear [1]  15/18
hearing [1]  14/18
here [3]  4/23 10/6 13/25
hereby [1]  16/3
him [1]  8/15
his [3]  5/5 8/15 8/16
Honor [24]
HONORABLE [1]  1/5
housing [10]  5/4 5/5 5/6 5/6 5/9 5/12 5/12 7/7 7/9 8/15
how [6]  4/11 4/12 4/23 5/2 5/14 8/5
however [3]  3/19 7/17 10/14

**I**
I'd [1]  11/17
I'm [2]  5/12 15/9
ICRA [1]  4/4
identified [1]  12/15
if [7]  6/16 7/14 7/15 11/16 14/3 14/5 14/21
immediately [1]  10/6
important [1]  14/20
in [30]
inaccurate [1]  14/13
incident [1]  5/10
inclined [2]  11/17 14/22
including [1]  14/23
independent [1]  6/3
influence [13]  8/21 9/1 9/12 10/20 10/21 11/2 11/2 11/7 11/9 12/21 13/3 13/9 13/17
influenced [1]  10/20
information [2]  14/13 14/16
informing [1]  15/12
inside [1]  8/13
instance [3]  6/13 8/9 10/16
intend [3]  10/3 10/4 14/8
intentional [3]  4/2 4/7 7/14
interpretation [1]  6/13
into [1]  6/22
Investigative [1]  14/23
IRCA [1]  3/15
is [39]
isn't [2]  7/3 14/6
issue [3]  3/21 11/16 12/1
issues [1]  13/16
it [32]
it's [4]  3/23 5/6 7/15 11/6
item [2]  3/5 14/21
its [3]  5/19 6/25 13/1
itself [1]  12/12

**J**
Jacobson [1]  2/20
jail [1]  12/19
joshua [3]  2/11 2/14 3/10
jrsfllp.com [1]  2/22
JUDGE [1]  1/5
judgment [9]  9/21 10/2 10/10 13/15 14/3 14/5 15/7 15/17 15/18
June [1]  9/4
June 4th [1]  9/4
jury [1]  14/4
just [5]  5/24 10/5 10/10 15/9 15/20
justice [1]  12/3

**K**
key [1]  5/7
Kim [2]  2/11 3/10
kind [3]  4/12 4/14 7/4
knew [1]  9/13
know [14]  4/16 6/21 8/5 8/6 10/13 10/15 11/1 11/4 13/9 13/14 13/15 14/7 14/8 14/10

| K | | |
|---|---|---|
| **knowing** [1]  9/12 | **November 19th** [1]  15/14 | **prove** [3]  4/15 7/14 7/17 |
| **known** [1]  13/12 | **November 20th** [1]  15/13 | **pursuant** [2]  12/25 13/22 |
| **L** | **now** [6]  4/5 8/2 10/7 12/2 13/15 14/9 | **pursue** [1]  5/9 |
| **landlord** [2]  11/17 11/20 | **O** | **pursuing** [1]  5/11 |
| **Law** [1]  2/6 | **o'clock** [1]  15/15 | **Q** |
| **laws** [1]  6/11 | **obviously** [1]  14/5 | **question** [3]  6/23 7/3 8/11 |
| **less** [2]  6/14 11/17 | **offers** [1]  9/22 | **R** |
| **let's** [3]  6/23 15/4 15/9 | **office** [1]  14/25 | **reading** [2]  8/10 8/17 |
| **letter** [1]  14/15 | **Offices** [1]  2/6 | **reasonable** [4]  9/10 10/19 11/20 14/4 |
| **Life** [1]  2/11 | **Official** [1]  16/9 | **reasons** [1]  4/15 |
| **limitations** [5]  3/24 5/23 5/24 6/4 6/6 | **Oh** [1]  11/11 | **record** [1]  16/4 |
| **lines** [1]  9/23 | **Okay** [2]  5/22 11/20 | **Reentry** [1]  2/11 |
| **LLC** [2]  1/10 3/6 | **older** [1]  9/19 | **regard** [7]  3/14 3/19 5/23 6/8 14/12 14/13 14/14 |
| **LLP** [1]  2/20 | **on** [10]  3/12 4/25 5/24 6/2 6/7 10/11 11/19 13/7 15/10 15/14 | **release** [1]  6/18 |
| **look** [1]  14/2 | **one** [17] | **remaining** [1]  10/8 |
| **LOS** [5]  1/17 1/24 2/12 2/21 3/1 | **only** [1]  12/6 | **remedies** [2]  3/25 4/1 |
| **loss** [2]  4/19 4/19 | **opportunity** [3]  4/20 5/3 5/5 | **rent** [2]  4/19 4/20 |
| **lost** [1]  5/5 | **opposed** [1]  11/18 | **report** [8]  6/17 7/8 8/1 8/15 8/16 12/12 13/13 13/13 |
| **M** | **or** [10]  6/9 6/18 6/19 8/21 9/11 9/19 10/21 12/8 12/24 13/19 | **reported** [6]  8/10 8/13 8/17 9/3 11/5 13/1 |
| **made** [3]  5/17 6/7 13/23 | **other** [10]  4/20 8/22 9/13 9/15 10/24 11/6 11/19 12/23 14/8 15/10 | **Reporter** [1]  16/9 |
| **make** [4]  5/16 6/6 6/13 10/1 | **our** [4]  7/1 8/14 10/6 10/7 | **REPORTER'S** [1]  1/16 |
| **March** [1]  8/25 | **outside** [3]  8/11 8/12 8/17 | **reporting** [2]  6/11 14/23 |
| **March 2nd** [1]  8/25 | **P** | **reputation** [1]  5/1 |
| **matter** [1]  16/5 | **p.m** [2]  3/2 15/24 | **respect** [3]  3/15 4/4 15/7 |
| **May** [1]  8/24 | **P.O.Box** [1]  2/12 | **responded** [1]  7/5 |
| **May 16** [1]  8/24 | **papers** [1]  13/23 | **response** [2]  10/15 10/17 |
| **me** [4]  5/2 10/11 14/8 15/12 | **parole** [1]  6/18 | **result** [2]  5/4 7/8 |
| **mean** [2]  8/6 10/11 | **part** [2]  12/11 12/16 | **right** [6]  5/21 8/4 9/2 12/1 13/15 14/9 |
| **means** [1]  3/23 | **particular** [3]  7/2 8/9 10/16 | **Room** [1]  1/24 |
| **mental** [1]  5/7 | **Penal** [1]  13/22 | **routinely** [1]  12/3 |
| **mentioned** [1]  5/22 | **penalty** [4]  4/8 7/15 7/16 7/24 | **RPR** [1]  1/23 |
| **mere** [3]  10/23 10/23 11/1 | **people** [1]  8/14 | **rule** [4]  15/1 15/2 15/2 15/3 |
| **merits** [1]  7/11 | **period** [7]  3/22 3/22 5/18 6/3 6/17 8/11 8/20 | **Rule 5.1** [2]  15/1 15/3 |
| **Michael** [2]  2/19 3/11 | **pernicious** [1]  10/22 | **ruling** [2]  5/16 6/2 |
| **might** [1]  10/12 | **person** [1]  10/19 | **runs** [1]  6/3 |
| **minute** [2]  8/19 8/19 | **Petersen** [2]  2/19 3/13 | **Russell** [1]  2/20 |
| **misdemeanor** [3]  12/8 12/9 12/10 | **physical** [1]  5/7 | **S** |
| **mistake** [1]  13/22 | **place** [1]  11/24 | **said** [3]  5/16 5/17 10/11 |
| **moment** [1]  7/10 | **plaintiff** [14]  1/8 2/4 3/9 6/24 7/3 7/4 7/5 7/7 7/9 7/10 9/10 9/22 10/12 14/4 | **Saltz** [3]  2/19 2/20 3/12 |
| **MONDAY** [3]  1/18 3/1 15/14 | **plaintiff's** [1]  9/21 | **same** [1]  13/22 |
| **money** [1]  7/25 | **plea** [2]  12/11 12/16 | **say** [11]  4/5 7/23 8/16 10/15 10/17 10/18 10/18 11/19 11/20 15/4 15/9 |
| **MORAN** [2]  1/7 3/6 | **plead** [2]  7/20 12/17 | **saying** [4]  6/1 7/5 8/2 9/20 |
| **more** [4]  6/12 9/22 10/22 10/23 | **please** [1]  3/7 | **says** [2]  6/15 7/24 |
| **motion** [7]  3/14 6/7 10/2 10/7 10/10 14/3 14/6 | **pled** [5]  11/22 11/23 11/24 12/13 12/24 | **schedule** [1]  15/21 |
| **moving** [1]  13/23 | **PO** [1]  2/7 | **SCREENING** [3]  1/10 3/6 3/12 |
| **must** [2]  14/24 15/6 | **point** [1]  6/19 | **second** [4]  9/3 9/5 9/18 9/18 |
| **mutually** [1]  14/13 | **position** [5]  8/14 9/22 9/24 10/19 13/9 | **section** [4]  3/20 3/25 5/25 6/14 |
| **my** [7]  3/22 5/3 5/5 11/18 13/6 13/12 14/1 | **possession** [1]  11/10 | **securing** [2]  5/6 5/6 |
| **N** | **possibly** [1]  12/4 | **see** [6]  4/23 5/14 5/14 10/1 11/11 15/4 |
| **nature** [1]  4/22 | **premises** [1]  11/18 | **seem** [2]  8/2 10/13 |
| **necessarily** [1]  4/21 | **PRESIDING** [1]  1/5 | **seems** [2]  10/11 14/8 |
| **need** [1]  14/21 | **Pretrial** [1]  15/14 | **sense** [1]  5/16 |
| **negligent** [3]  4/3 4/8 7/16 | **primarily** [1]  4/25 | **sentence** [2]  12/17 12/18 |
| **never** [4]  12/24 13/5 13/7 14/1 | **prior** [1]  14/25 | **SEPTEMBER** [3]  1/18 3/1 16/7 |
| **new** [3]  1/20 2/11 11/20 | **probation** [2]  12/20 13/20 | **series** [1]  6/19 |
| **Ninth** [1]  4/18 | **problem** [1]  10/14 | **set** [2]  14/17 15/19 |
| **no** [9]  1/9 7/1 7/13 7/16 10/19 11/9 13/5 13/6 16/10 | **procedural** [1]  14/21 | **sets** [1]  15/20 |
| **No.** [2]  8/24 9/4 | **proceed** [1]  5/2 | **seven** [11]  3/21 3/22 5/18 5/25 6/2 6/8 6/16 6/17 8/10 8/20 13/1 |
| **No. 188935** [1]  8/24 | **proceeding** [1]  15/10 | **seven-year** [10]  3/21 3/22 5/18 5/25 6/2 6/8 6/16 6/17 8/10 8/20 |
| **No. 217842** [1]  9/4 | **proceedings** [3]  1/16 15/24 16/5 | **should** [2]  13/11 13/12 |
| **non** [1]  9/19 | **procure** [2]  5/4 5/5 | **showed** [4]  12/15 12/16 12/17 12/22 |
| **non-caretaker** [1]  9/19 | **Project** [1]  2/11 | **side** [1]  8/13 |
| **North** [1]  1/24 | **pros** [3]  1/10 3/6 3/12 | **Sixty** [1]  12/19 |
| **not** [17] | **prosecuted** [2]  13/4 14/1 | **so** [14]  3/17 4/11 5/5 5/18 6/1 6/23 8/11 8/13 9/7 9/9 10/7 11/12 13/14 14/6 |
| **notice** [2]  14/24 15/6 | **prosecution** [2]  13/19 13/19 | **some** [2]  10/12 11/23 |
| **notwithstanding** [1]  6/2 | **prostituted** [1]  13/7 | |
| **November** [2]  15/13 15/14 | **protection** [2]  6/12 6/15 | |

## S

somebody [3]  11/17 11/18 12/4
somebody's [2]  5/7 5/7
someone [2]  9/24 13/8
something [5]  5/16 5/22 6/21 10/22 13/11
specifically [2]  6/15 12/14
spending [1]  7/25
Spring [1]  1/24
stable [1]  5/6
stand [1]  11/13
starts [1]  6/8
state [3]  3/7 3/16 14/24
state-based [1]  3/16
STATES [2]  1/1 1/23
status [2]  1/20 10/6
statute [12]  3/16 3/24 5/23 5/24 6/3 6/4 6/6 6/8 13/1 13/12 13/21 15/8
statute-of-limitations [1]  6/4
statutes [1]  14/22
statutory [6]  4/2 4/5 7/15 7/16 7/24 15/5
stenographic [1]  16/4
STEPHEN [1]  1/5
straight [1]  13/25
straight-up [1]  13/25
Street [1]  1/24
structurally [1]  7/11
structured [1]  6/25
submit [1]  12/2
substance [1]  8/21
suffered [4]  7/23 7/25 8/3 9/10
Suite [1]  2/20
summary [8]  9/21 10/1 10/10 13/15 14/3 14/5 15/17 15/18
support [1]  7/6
sure [1]  5/12
sustainable [1]  9/22
SVW [2]  1/9 3/5
system [1]  12/3

## T

take [1]  14/21
Tell [1]  5/2
telling [1]  11/2
tenant [1]  11/20
than [2]  10/21 10/23
Thank [5]  5/15 15/12 15/15 15/22 15/23
that [84]
that's [10]  4/15 7/11 9/7 9/8 9/21 10/3 13/11 13/24 14/7 14/25
theft [6]  9/19 10/25 11/1 11/18 12/6 13/14
their [1]  13/23
then [9]  5/22 6/10 6/19 7/16 8/18 14/4 14/6 14/14 15/20
there [17]
there's [7]  4/5 6/1 6/3 6/5 7/16 14/12 14/12
therefore [1]  7/8
these [1]  4/14
they [12]  7/14 7/17 7/24 7/25 8/2 8/2 8/14 10/17 10/18 10/18 12/4 13/23
they're [1]  10/15
think [1]  6/22
third [1]  9/18
this [13]  4/12 5/10 6/13 7/8 7/17 8/6 8/8 10/6 10/16 11/20 12/1 13/1 14/2
those [4]  3/17 8/6 11/1 13/7
thought [1]  5/24
thousand [1]  4/6
three [5]  9/5 9/17 12/17 12/19 14/11
through [3]  6/19 6/20 14/3
time [3]  6/17 7/25 8/11
timeliness [2]  14/12 14/14
to the [1]  14/15
to-date [1]  5/25
today [1]  5/13
tomorrow [1]  15/19
transcript [2]  1/16 16/4
Trial [1]  15/13
true [1]  16/3
Tuesday [1]  15/13
turn [1]  6/14
two [4]  6/6 8/9 13/16 13/17
two-year [1]  6/6

## U

U.S [1]  1/5
ultimate [1]  5/19
ultimately [1]  11/5
unable [2]  7/7 7/9
unconstitutional [1]  14/22
unconstitutionally [1]  3/17
under [28]
under-the-influence [3]  8/21 9/12 13/17
understand [1]  8/8
UNITED [2]  1/1 1/23
unless [1]  8/14
until [1]  9/22
up [3]  8/1 11/13 13/25
upon [2]  8/15 10/8
uses [1]  11/17

## V

vague [1]  3/17
view [5]  3/22 6/24 7/1 13/12 13/18
violation [4]  7/15 7/16 9/7 9/8
violations [4]  4/2 4/3 4/7 4/9

## W

wait [1]  15/6
waiver [1]  15/7
waivers [1]  6/19
want [4]  6/21 10/12 13/6 15/20
was [42]
wasn't [1]  12/23
way [2]  2/11 6/24
ways [1]  13/18
we [21]
we're [1]  12/2
week [1]  15/20
well [10]  4/20 5/3 5/7 5/8 5/8 7/22 10/5 10/19 13/6 14/2
well-being [2]  5/7 5/8
were [8]  7/23 7/24 8/9 9/15 12/15 13/5 13/5 13/6
what [28]
What's [1]  6/24
whatever [1]  15/20
when [7]  3/21 6/2 6/8 8/12 9/12 10/4 11/13
whenever [1]  15/19
where [1]  10/13
whether [1]  5/12
which [13]  3/23 4/2 5/16 6/11 8/4 8/23 9/23 11/6 12/15 13/22 14/13 14/15 14/21
who [3]  11/17 11/18 12/4
why [4]  4/15 10/9 10/10 10/12
will [6]  3/17 6/10 10/7 14/6 15/13 15/14
Wilshire [1]  2/20
WILSON [1]  1/5
within [3]  8/10 8/20 13/1
without [1]  13/18
word [1]  6/16
words [1]  12/23
would [12]  4/23 4/25 5/2 6/13 9/23 9/23 10/18 10/23 11/19 11/20 13/9 14/5
wouldn't [1]  10/10

## Y

year [11]  3/21 3/22 5/18 5/25 6/2 6/6 6/8 6/16 6/17 8/10 8/20
years [2]  12/19 13/1
yes [6]  4/1 6/5 11/22 12/14 14/19 15/11
you [33]
you're [4]  5/17 6/1 9/20 10/13
your [33]